**WACHOVIA BANK OF DELAWARE, NATIONAL ASSOCIATION f/k/a First Union National Bank of Delaware, Petitioner,**

v.

**Marjorie GILLIAM and Patsy Charline Fowler, Respondents.**

No. 05–0903.

Supreme Court of Texas.

Feb. 9, 2007.

Peter D. Curran, Diana Estala Stevens, Mann & Stevens, P.C., Houston, for Petitioner.

James S. Chapman, Chapman & Chapman, Waxahachie, for Respondents.

PER CURIAM.

When a default judgment is challenged by restricted appeal, there are no presumptions in favor of valid service. *See Fid. & Guar. Ins. Co. v. Drewery Const. Co.*, 186 S.W.3d 571, 573 (Tex.2006). In this case, substituted service was based on statutes requiring papers to be forwarded to the defendant's "home office" or "principal office," but nothing in the record shows they were. As the court of appeals erred by presuming otherwise, we reverse.

In April 2001, Patsy Fowler obtained a $44,000 home-equity loan from First Union National Bank of Delaware. As required by the Constitution, Fowler had no personal liability on the loan; it was secured solely by her home in Waxahachie. *See* TEX. CONST. art. XVI, § 50.

In August 2003, Fowler filed suit to declare the lien on her home void because her daughter, Marjorie Gilliam, owned a twenty-five percent undivided interest in the home but had not signed the loan documents. The suit sought to enjoin foreclosure proceedings by Wachovia Bank

of Delaware, N.A., which the petition alleged was "f/k/a First Union."

The plaintiffs' petition sought personal or substituted service in general terms, without alleging any specific statute or procedural rule:

> Wachovia ... is a nonresident engaged in business in Texas and does not maintain a regular place of business or have a designated agent for service in Texas, and may be served with a citation *directed to said Defendant* at the following address by serving any officer of the bank: 920 King Street, Wilmington, Delaware 19801. Service of said Defendant as described above can be effected by personal delivery or by service via the Texas Secretary of State. (emphasis in original).

The constable's return shows service upon an agent for the Secretary of State. The file contains a certificate from the Secretary indicating his office forwarded process to Wachovia at 920 King Street, and received a return receipt "bearing the Signature of Addressee's Agent." On this record, the trial court granted a default judgment.

Wachovia filed a restricted appeal challenging service on several grounds. As the restricted appeal was filed within six months by a party that did not participate in the default hearing, the only question was whether error was apparent on the face of the record. *See* Tex.R.App. P. 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex.2004).

A number of Texas statutes provide for substituted service on a government official who then forwards service to the defendant at a designated address.[1] The prime example, the Texas Long–Arm statute, requires the Secretary of State to forward substituted service to a nonresident's "home or home office." *See* Tex. Civ. Prac. & Rem.Code § 17.045(a). If nothing on the face of the record shows the forwarding address was the defendant's "home or home office," the courts of appeals are unanimous that a default judgment cannot survive a restricted appeal.[2]

---

1. *See, e.g.,* Tex. Civ. Prac. & Rem.Code § 17.045 (nonresidents); Tex.Rev.Civ. Stat. arts. 1396–2.07(B), 1396–8.09 (nonprofit corporations), arts. 6132a–1 §§ 1.08(b), 9.10(b) (limited partnerships); Tex. Bus. Corp. Act art. 2.11(B) (domestic corporations); Tex. Ltd. Liab. Co. Act art. 2.08(B) (limited liability companies); Tex. Alco. Bev.Code §§ 37.05(c), 61.07 (nonresident sellers and distributors of alcoholic beverages); Tex. Health & Safety Code § 221.023 (health facilities development corporations); Tex. Tax Code § 151.606 (collectors of delinquent sales taxes); *see also* Tex. Bus. Orgs. Code §§ 5.251 -.253 (effective 2006) (foreign entities).

2. *See World Distrib., Inc. v. Knox*, 968 S.W.2d 474, 477–78 (Tex.App.-El Paso 1998, no pet.) (reversing default as record did not show forwarding address was defendant's "home or home office" as required by Long–Arm Statute); *accord Whiskeman v. Lama*, 847 S.W.2d 327, 328 (Tex.App.-El Paso 1993, no writ); *Boreham v. Hartsell*, 826 S.W.2d 193, 195–96 (Tex.App.-Dallas 1992, no writ); *Commodore*

*County Mut. Ins. Co. v. Tkacik*, 809 S.W.2d 630, 632 (Tex.App.-Amarillo 1991, writ denied); *Onnela v. Medina*, 785 S.W.2d 423, 425(Tex.App.-Corpus Christi 1990, no writ); *Bannigan v. Mkt. St. Developers, Ltd.*, 766 S.W.2d 591, 592 (Tex.App.-Dallas 1989, no writ); *Carjan Corp. v. Sonner*, 765 S.W.2d 553, 555 (Tex.App.-San Antonio 1989, no writ); *Lynn McGuffy Co. v. Perfected Indus. Prods., Inc.*, 683 S.W.2d 781, 782 (Tex.App.-Houston [14th Dist.] 1984, writ ref'd n.r.e.); *Verges v. Lomas & Nettleton Fin. Corp.*, 642 S.W.2d 820, 823 (Tex.App.-Dallas 1982, no writ); *see also Zuyus v. No'Mis Commc'ns, Inc.*, 930 S.W.2d 743, 746 (Tex.App.-Corpus Christi 1996, no writ) (affirming default as defendant admitted forwarding address was his home or home office); *Mahon v. Caldwell, Haddad, Skaggs, Inc.*, 783 S.W.2d 769, 771 (Tex.App.-Fort Worth 1990, no writ) (holding petition need not allege forwarding address was "home or home office" if record evidence shows it was).

The same has been the case with other substituted service statutes—the face of the record must show that the forwarding address is the one required by statute.[3]

Consistent° with these authorities, the court of appeals held that the default here could not be affirmed under the Long–Arm statute because nothing in the petition, citation, or return alleges that 920 King Street was Wachovia's home or home office. Nevertheless, the court of appeals affirmed the default judgment on the ground that substituted service was proper under the Texas Business Corporation Act. But that statute requires the Secretary to forward service to a foreign corporation's "principal office." *See* TEX. BUS. CORP. ACT art. 8.10(B). Nothing in the record shows 920 King Street was Wachovia's principal office either.

■ This Court has never directly addressed whether the face of the record in a restricted appeal must show that service was forwarded to a statutorily required address. But we have held repeatedly that no presumptions are made in favor of valid service in a restricted appeal from a default judgment. *See Fidelity,* 186 S.W.3d at 573; *Primate Const. v. Silver,* 884 S.W.2d 151, 152 (Tex.1994); *Uvalde Country Club v. Martin Linen Supply Co., Inc.,* 690 S.W.2d 884, 885 (Tex.1985); *McKanna v. Edgar,* 388 S.W.2d 927, 929 (Tex.1965); *Flynt v. Kingsville,* 125 Tex. 510, 82 S.W.2d 934, 934 (1935). We have refused to presume a defendant had no place of business or agent for service in

Texas when that was not alleged. *See McKanna,* 388 S.W.2d at 930. Accordingly, we agree with all the courts of appeals (until this one) that for a default judgment to survive a restricted appeal, the face of the record must reflect that service was forwarded to the address required by statute.

We did say in one case that a certificate from the Secretary of State is generally conclusive evidence that the Secretary "received service of process … and forwarded the service as required by the statute." *Capitol Brick, Inc. v. Fleming Mfg. Co.,* 722 S.W.2d 399, 401 (Tex.1987). But the question in that case was not whether the forwarding address was correct, and thus the statement related only to *whether* service was forwarded rather than *where. See Whitney v. L & L Realty Corp.,* 500 S.W.2d 94, 96 (Tex.1973) ("the legislature intended to require that in order for the Secretary of State to be conclusively presumed to be the attorney for the defendant in another state, he *must* forward the service") (emphasis in original). While an official's certificate establishes that process was served and forwarded to the address provided, unless it certifies that the forwarding address is the one required by statute, we cannot presume otherwise.

Here, the petition, citation, return, and the certificate from the Secretary of State all listed Wachovia's address as 920 King Street, Wilmington, Delaware; none alleged this was Wachovia's home office, principal office, or anything else. The loan

---

3. *See, e.g., Allodial Ltd. P'ship v. Susan Barilich, P.C.,* 184 S.W.3d 405, 409 (Tex.App.-Dallas 2006, no pet.) (reversing default as petition did not allege forwarding address was "principal office" as required by Revised Limited Partnership Act); *Humphrey Co. v. Lowry Water Wells,* 709 S.W.2d 310, 311–12 (Tex.App.-Houston [14th Dist.] 1986, no writ) (reversing default as record did not show forwarding address was defendant's "registered office" as required by TEX. BUS. CORP. ACT art. 2.11(B)); *Global Truck & Equip., Inc. v. Plaschinski,* 683 S.W.2d 766, 768 (Tex.App.-Houston [14th Dist.] 1984, no writ) (same); *C.W. Bollinger Ins. Co. v. Fish,* 699 S.W.2d 645, 649 (Tex.App.-Austin 1985, no writ) (holding that the record did not show forwarding address was defendant's "principal place of business" as required by TEX. INS.CODE art. 1.14–1).

documents attached to the petition contained only North Carolina addresses for First Union, Wachovia's alleged predecessor. As nothing in the record shows that the Secretary of State forwarded process to Wachovia's home office or principal office as required by the statutes on which the plaintiffs rely, error is apparent on the face of the record.

Accordingly, without hearing oral argument, we reverse the court of appeals' judgment, vacate the default judgment, and remand for further proceedings consistent with this opinion. TEX.R.APP. P. 59.1.