NUMBER 13-09-00620-CV


 

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


IN THE INTEREST OF E.E.F., A CHILD

 



On appeal from the 24th District Court
 

 of Calhoun County, Texas.

 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Benavides and Vela


Memorandum Opinion by Chief Justice Valdez
 In this restricted appeal, appellant, Ramon Albert Sanchez, complains about the trial
court's granting of a default judgment in favor of appellees, the Office of the Attorney
General of Texas (the "Attorney General's Office") and Heather Farni. The default
judgment, entered on May 26, 2009, concluded that Sanchez is the biological father of
E.E.F. and, among other things, ordered Sanchez to pay child support and medical support
to Farni. By one issue, Sanchez contends that the default judgment should be vacated
and the cause remanded for further proceedings in the trial court because "the return of
citation was not on file ten days prior to the grant of default judgment, as required by law." 
We reverse and remand. I. Background

 

 On March 10, 2009, the Attorney General's Office filed a "Petition to Establish the
Parent-Child Relationship," requesting the trial court to determine whether Sanchez is the
biological father of E.E.F. The trial court set the hearing for the Attorney General's Office's
petition for May 26, 2009.

 Prior to the May 26, 2009 hearing, the Attorney General's Office attempted to serve
Sanchez with citation at his place of employment in Houston, Harris County, Texas. The
citation contained in the record has a file stamp of June 26, 2009, and reflects that service
was returned on May 26, 2009. However, another notation on the citation reflects that
Sanchez was served on March 30, 2009. In any event, Sanchez maintains on appeal that
he neither received service of the Attorney General's Office's petition, nor notice of the May
26, 2009 hearing. As a result, Sanchez never filed an answer in this case.

 On May 26, 2009, the trial court conducted a hearing on the Attorney General's
Office's petition even though Sanchez did not appear. The trial court: (1) determined that
Sanchez is the biological father of E.E.F.; (2) appointed Farni and Sanchez as joint
managing conservators and granted Farni the power to determine the child's primary
residence; (3) ordered Sanchez to pay $222 per month in child support, 50% of the cost
of health care for E.E.F., and $24 per month in "cash medical support"; and (4) ordered
Sanchez to pay $7,170 in back child support, dating from March 20, 2006 to the date of the
hearing.

 Sanchez did not file any post-judgment motions or request any findings of fact or
conclusions of law. On November 10, 2009, Sanchez filed his notice of restricted appeal. 
See Tex. R. App. P. 26.1(c), 30.

II. Restricted Appeal


 To attack a trial court's judgment by restricted appeal, Sanchez must show that: (1)
a notice of appeal was filed within six months of the date the complained-of judgment was
signed; (2) Sanchez was a party to the suit who did not participate in the hearing that
resulted in the judgment or order; (3) Sanchez did not timely file a post-judgment motion,
request findings of fact and conclusions of law, or file a notice of appeal within the time
permitted under rule 26.1(a) of the Texas Rules of Appellate Procedure; (1) and (4) the
complained-of error is apparent from the face of the record. Tex. R. App. P. 30; see
Alexander v. Lynda's Boutique, 134 S.W.3d 845, 848 (Tex. 2004); Tex. Dep't of Pub.
Safety v. Fredricks, 235 S.W.3d 275, 278 (Tex. App.-Corpus Christi 2007, no pet.); see
also Tex. R. App. P. 26.1(c).

 Sanchez filed his notice of appeal within six months of the date that the trial court
signed the order. (2) Sanchez is a proper party to this suit because he was named in the
Attorney General's Office's petition as the potential biological father of E.E.F. The record
reflects that Sanchez did not participate in the May 26, 2009 hearing. In his notice of
restricted appeal, Sanchez states that he did not file any post-judgment motions, request
findings of fact and conclusions of law, or file a notice of appeal, and the record does not
show otherwise. Finally, as addressed below and conceded by the Attorney General's
Office, the complained-of error--the defect in service of citation--is apparent from the face
of the record. See Norman Commc'ns v. Tex. Eastman Co., 955 S.W.2d 269, 270 (Tex.
1997) (per curiam) (stating that, the face of the record, for purposes of restricted appeals,
consists of all the papers on file in the appeal). Therefore, we conclude that Sanchez has
satisfied each element for obtaining relief through this restricted appeal. 

III. The Service Defect


 By his sole issue on appeal, Sanchez argues that the trial court's May 26, 2009
judgment should be vacated and the case should be remanded for further proceedings
because the return of citation was not on file ten days prior to the grant of the default
judgment, as required by Texas Rule of Civil Procedure 107. See Tex. R. Civ. P. 107. The
Attorney General's Office agrees. (3) 

A. Applicable Law

 

 Citation may be served by any sheriff or constable or other person authorized by
law, or by any person of at least eighteen years of age authorized by law or by written court
order. Id. at R. 103. The return of service must be endorsed by the officer or authorized
person executing the citation. Id. at R. 107. If the return is by an authorized person, it
must be verified. Id. Rule 107 also requires that "[n]o default judgment shall be granted
in any cause until the citation . . . with proof of service . . . shall have been on file with the
clerk of the court ten days, exclusive of the day of filing and the day of judgment." Id.

 "Strict compliance with the rules for service of citation [must] affirmatively appear on
the record in order for a default judgment to withstand direct attack." Primate Constr., Inc.
v. Silver, 884 S.W.2d 151, 152 (Tex. 1994). Failure to comply with the rules governing
service of citation constitutes error on the face of the record. Id. at 153 ("Proper service
not being affirmatively shown, there is error on the face of the record, and the court of
appeals erred in holding otherwise."); see Ins. Co. of State of Pa., v. Lejune, 297 S.W.3d
254, 256 (Tex. 2009) (per curiam). "There are no presumptions in favor of valid issuance,
service, and return of citation in the face of a writ of error attack on a default judgment." 
Silver, 884 S.W.2d at 152; see Hubicki v. Festina, 226 S.W.3d 405, 407 (Tex. 2007) (per
curiam); see also Maib v. Maib, No. 13-08-00413-CV, 2009 Tex. App. LEXIS 4135, at *4
(Tex. App.-Corpus Christi June 11, 2009, no pet.) (mem. op.) (citing Wachovia Bank of
Del., Nat'l Ass'n v. Gilliam, 215 S.W.3d 848, 850 (Tex. 2007) (per curiam)). Rather, when
a default judgment is entered, we will "rigidly enforce the rules governing service," because

 "the only ground supporting the judgment is that the defendant has failed to
respond to the action in conformity with the applicable procedure for doing
so. If the defendant can then show that the person commencing the action
was guilty of comparable nonconformity with procedure rules, under a
principle of equality the derelictions offset each other . . . ."


Festina, 226 S.W.3d at 408 (quoting Wilson v. Dunn, 800 S.W.2d 833, 837 (Tex. 1990)). 

"Moreover, failure to affirmatively show strict compliance with the Rules of Civil Procedure
renders the attempted service of process invalid and of no effect." Uvalde County Club v.
Martin Linen Supply Co., 690 S.W.2d 884, 885 (Tex. 1985).

B. Discussion


 Here, the record contains a citation that was issued on March 10, 2009. The citation
states that service was returned on May 26, 2009; however, the attached page to the
citation notes that Sanchez was served on March 30, 2009, and the notation was signed
by a Harris County Constable from Precinct #4. In any event, the citation was file-stamped
by the Calhoun County District Clerk on June 26, 2009, even though the hearing on this
matter transpired on May 26, 2009. As noted above, rule 107 of the rules of civil procedure
requires that the citation be executed and endorsed by the serving agent authorized by law
and be on file with the Calhoun County District Clerk for ten days "exclusive of the day of
filing and the day of judgment." See Tex. R. Civ. P. 107. Moreover, rule 107 dictates that
no default judgment shall be entered if the citation has not been on file with the clerk of the
court for ten days. See id. Because the citation in this case was file-stamped on June 26,
2009, and, therefore, was not on file with the Calhoun County District Clerk for ten days
preceding the May 26, 2009 default judgment, we conclude that the Attorney General's
Office did not strictly comply with rule 107 of the rules of civil procedure, and the failure to
do so constitutes error on the face of the record; thus, the trial court erred in granting
default judgment against Sanchez. See id.; Lejune, 297 S.W.3d at 256; Festina, 226
S.W.3d at 407-08; Silver, 884 S.W.2d at 152-53; see also Maib, 2009 Tex. App. LEXIS
4135, at *4. Accordingly, we sustain Sanchez's sole issue.

IV. Conclusion


 Based on the foregoing, we reverse the trial court's May 26, 2009 judgment and
remand for proceedings consistent with this opinion.

 ROGELIO VALDEZ,

 Chief Justice


Delivered and filed the

29th day of April, 2010.
1. Rule 26.1(a) of the Texas Rules of Appellate Procedure provides that a notice of appeal must be
filed within ninety days after the judgment has been signed if any party timely files: (1) a motion for new trial;
(2) a motion to modify the judgment; (3) a motion to reinstate under Texas Rule of Civil Procedure 165a; or
(4) a request for findings of fact and conclusions of law if such a request was required by the rules of civil
procedure or could properly be considered by the appellate court. See Tex. R. App. P. 26.1(a).
2. The trial court signed the complained-of order on May 26, 2009, and Sanchez filed his notice of
appeal on November 11, 2009, within six months of May 26, 2009.
3. The Attorney General's Office does argue that Sanchez is not entitled to the request in his prayer
that "all relief sought by Appellee be denied" and that the family code prohibits the assessment of appellate
costs against the Attorney General's Office. Because we do not address the underlying merits of the Attorney
General's Office's petition pertaining to the parentage of E.E.F. in this opinion, we agree that Sanchez is solely
entitled to a remand of this cause for a hearing on the Attorney General's Office's petition. Furthermore, we
agree that appellate costs shall not be assessed against the Attorney General's Office. See Tex. Fam. Code
Ann. § 231.001 (Vernon 2008) (recognizing the Attorney General's Office as the state's "Title IV-D agency"),
§§ 231.002(a)(3) (Vernon Supp. 2009) (empowering the Attorney General's Office to initiate legal actions
pertaining to the parent-child relationship), 231.101(a)(2), (3) (providing that the Attorney General's Office may
provide services to determine paternity and establish child support and medical support), 231.202 (listing
various fees that the Attorney General's Office is responsible for paying; the list is silent with respect to the
costs of appellate review), § 231.204 (Vernon 2008) (providing that the Attorney General's Office may not be
charged for "a filing fee or other costs payable to a clerk of an appellate court").