**Reversed and Remanded and Memorandum Opinion filed September 22, 2016.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-15-00548-CV

### AIR VOICE WIRELESS, LLC, Appellant

### V.

### M&E ENDEAVOURS LLC, Appellee

**On Appeal from the 295th District Court
Harris County, Texas
Trial Court Cause No. 2014-29960**

## M E M O R A N D U M   O P I N I O N

Air Voice Wireless, LLC, brings this restricted appeal challenging a default judgment granted in favor of M&E Endeavours LLC. In four issues, Air Voice contends the trial court erred by granting the default judgment because service of process was defective. We reverse and remand.

### BACKGROUND

M&E Endeavours sued Air Voice for breach of contract, unjust enrichment,

and quantum meruit on May 27, 2014. In its Original Petition and Request for Disclosure, M&E Endeavours alleged as follows:

> Defendant Air Voice . . . is a Michigan limited liability company with its headquarters at 2425 Franklin, Bloomfield Hills, Michigan 48302. Defendant Air Voice at all times material herein, has engaged in business in Texas, pursuant to Civil Practice and Remedies Code § 17.042, as more particularly described below. Defendant Air Voice does not maintain a place of regular business in Texas and has no designated agent on whom service of citation may be made in this cause. The causes of action asserted arose from or are connected with purposeful acts committed by Defendant Air Voice in Texas. More particularly, Defendant Air Voice entered into a contract by mail and telephone with the Plaintiff and the Plaintiff and Defendant Air Voice were to perform the contract either in whole or in part in Texas, as fully described below. Plaintiff's allegations that Defendant breached the contract is one of the bases of Plaintiff's cause of action. Accordingly, Defendant Air Voice may be cited pursuant to Civil Practice and Remedies Code §17.044 by serving the Secretary of the State of Texas provided that the citation and petition are forwarded to Defendant Air Voice's registered agent, Corporate Creations Network Inc, 8175 Creekside Dr #200, Portage, Michigan, 49024. Defendant may also be served by personal service in the same manner as prescribed by citation to a Defendant who is a resident of Texas at Defendant's aforementioned address.

The clerk's record before us contains a Harris County District Clerk Civil Process Pick-Up Form stating that process papers were prepared on June 10, 2014, and "[p]rocess papers [were] released to: A. Triantaphyllis." The clerk's record does not contain a copy of the citation; the clerk's record contains a note stating: "There are no citation [sic] located in the trial court case file as designated."

The record also contains a letter and certificate of service from the Texas Secretary of State filed with the Harris County District Clerk on January 9, 2015. The letter from the secretary of state, dated October 3, 2014, is addressed to M&E Endeavours attorney Anastassios Triantaphyllis regarding "M&E Endeavours LLC

2

[v]s Air Voice Wireless LLC[;] 295th Judicial District Court Of Harris County, Texas[;] Cause No: 201429960." The letter states: "Please find enclosed your Certificate(s) of Service in the case styled above." The enclosed certificate of service, issued October 3, 3014, and signed by the secretary of state states:

> I, the undersigned, as Secretary of State of Texas DO HEREBY CERTIFY that according to the records of this office, a copy of the Citation and Plaintiff's Original Petition and Request For Disclosure in the cause styled:
>
> > M&E Endeavours LLC Vs Air Voice Wireless LLC
> >
> > 295th Judicial District Court Of Harris County, Texas
> >
> > Cause No: 201429960
>
> was received by this office on July 29, 2014, and that a copy was forwarded on August 4, 2014, by CERTIFIED MAIL, return receipt requested to:
>
> > Air Voice Wireless LLC
> >
> > Registered Agent, Corporate Creations Network Inc.
> >
> > 8175 Creekside Dr #200
> >
> > Portage, MI 49024
>
> The RETURN RECEIPT was received in this office dated August 11, 2014[.] According to the USPS.Com Track & Confirm, the item was delivered.

The clerk's record contains a "Notice of Filing . . . the attached Certificate of Service showing that service was obtained on Air Voice Wireless, LLC" filed by M&E Endeavours on January 9, 2015. On the same day, M&E Endeavors filed its Motion for Default Judgment, which states in pertinent part:

> Defendant Air Voice Wireless, LLC has been served by serving the secretary of state of Texas who forwarded a copy thereof to defendant on August 4, 2014. Defendant has not filed an answer. A certificate of service has been received and has been filed. The citation and proof of service were on file with this court for at least ten days before the judgment was rendered.

3

> . . .
>
> The deadline for defendant Air Voice Wireless, LLC to file an answer was September 1, 2014. However, defendant Air Voice Wireless, LLC did not file an answer or any other pleading constituting an answer.
>
> . . .
>
> The name and last known address of the Registered Agent of Defendant Air Voice Wireless, LLC is Corporate Creations Network Inc, 8175 Creekside Dr #200, Portage, Michigan, 49024.

M&E Endeavours attached to its default judgment motion exhibits relating to its incurred damages and attorney's fees as well as a Certificate of Last Known Address stating that M&E Endeavours "by and through his attorney of record certifies that the last known address of the Registered Agent of Defendant Air Voice Wireless, LLC is Corporate Creations Network Inc, 8175 Creekside Dr #200, Portage, Michigan, 49024."

The trial court signed a default judgment in favor of M&E Endeavours on January 23, 2015. In its judgment, the trial court made the following findings among others:

> 1. Defendant Air Voice Wireless, LLC was served with citation and a copy of the Plaintiff's Original Petition on August 4, 2014.
>
> 2. The citation and proof of service were on file with this court for at least ten days before the judgment was rendered.
>
> 3. The deadline for defendant Air Voice Wireless, LLC to file an answer was September 1, 2014. However, defendant Air Voice Wireless, LLC did not file an answer or any other pleading constituting an answer.
>
> 4. The name and last known address of the Registered Agent of Defendant Air Voice Wireless, LLC is Corporate Creations Network Inc, 8175 Creekside Dr #200, Portage, Michigan, 49024.

Air Voice filed a notice of restricted appeal on June 25, 2015.

4

Air Voice contends the default judgment must be reversed because (1) "M&E did not provide to the secretary of state the home or home office address of Air Voice;" (2) "there is no copy of the citation in the record and no affirmative showing that the citation complied with Rule 99;" (3) "the face of the record reflects void and invalid service of process by counsel for M&E in violation of Texas Rule of Civil Procedure 103;" and (4) "the face of the record shows a lack of compliance with service under Rule 108."

To prevail on a restricted appeal, Air Voice must establish that (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the challenged judgment and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *In re Marriage of Butts*, 444 S.W.3d 147, 150 (Tex. App.—Houston [14th Dist.] 2014, no pet.). For purposes of a restricted appeal, the record consists of all papers on file in the appeal. *Mansell v. Ins. Co. of the W.*, 203 S.W.3d 499, 500 (Tex. App.—Houston [14th Dist.] 2006, no pet.).

The Texas Supreme Court has "required that strict compliance with the rules for service of citation affirmatively appear on the record in order for a default judgment to withstand direct attack." *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam); *see Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990); *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985) (per curiam). When a default judgment is challenged by restricted appeal, there are no presumptions in favor of valid issuance, service, and return of citation. *See Wachovia Bank of Del., N.A. v. Gilliam*, 215 S.W.3d 848, 848 (Tex.

5

2007) (per curiam); *Silver*, 884 S.W.2d at 152; *Harvestons Sec., Inc. v. Narnia Invs., Ltd.*, 218 S.W.3d 126, 129 (Tex. App.—Houston [14th Dist.] 2007, pet. denied). If the record does not show strict compliance with the rules governing issuance, service, and return of citation, the attempted service of process is invalid and the trial court has no personal jurisdiction over a defendant. *Greystar, LLC v. Adams*, 426 S.W.3d 861, 866 (Tex. App.—Dallas 2014, no pet.); *see also Mansell*, 203 S.W.3d at 501. Moreover, virtually any deviation from these rules is sufficient to set aside the default judgment in a restricted appeal. *Mansell*, 203 S.W.3d at 501.

Air Voice filed its notice of restricted appeal within six months after the judgment was signed; it was a party to the underlying lawsuit; and it did not participate in the hearing that resulted in the challenged judgment and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law. Therefore, the only question is whether error was apparent on the face of the record. *See Gilliam*, 215 S.W.3d 849.

Air Voice contends in its first issue that error appears on the face of the record because M&E Endeavours "did not provide to the secretary of state the home or home office address of Air Voice but instead provided an alternative which is not authorized by law." Air Voice argues a party must provide to the secretary of state the address of the nonresident's home or home office. *See* Tex. Civ. Prac. & Rem. Code Ann. § 17.045(a) (Vernon 2015). According to Air Voice, M&E Endeavours failed to do so because it provided the secretary of state with the address of Air Voice's registered agent instead of the address of Air Voice's home or home office.

M&E Endeavours responds by acknowledging that it asked for Air Voice to "be cited pursuant to Civil Practice and Remedies Code § 17.044 by serving the

6

Secretary of the State of Texas," and arguing that the trial court correctly granted a default judgment because M&E Endeavours "complied with the method of service provided under section 17.045 of the Texas Civil Practice & Remedies Code." M&E Endeavours argues that, "[e]ven though Endeavours alleged in its petition that Air Voice could be served by serving its registered agent at its registered agent[']s address and not at its 'home or home office,' the registered agent's office should be considered to be [the] 'home office.'"

"A number of Texas statutes provide for substituted service on a government official who then forwards service to the defendant at a designated address." *Gilliam*, 215 S.W.3d at 849. As applicable in this case, the Texas long-arm statute requires the secretary of state to forward substituted service to a nonresident's "home or home office." *See* Tex. Civ. Prac. & Rem. Code Ann. § 17.045(a); *Gilliam*, 215 S.W.3d at 849. Section 17.045(a) provides: "If the secretary of state is served with duplicate copies of process for a nonresident, the documents shall contain a statement of the name and address of the nonresident's home or home office and the secretary of state shall immediately mail a copy of the process to the nonresident at the address provided." Tex. Civ. Prac. & Rem. Code Ann. § 17.045(a).

The Texas Supreme Court in *Gilliam* "agree[d] with all the courts of appeals"[1] and held that "for a default judgment to survive a restricted appeal, the face of the record must reflect that service was forwarded to the address required by statute" — namely, the face of the record must show "the forwarding address was the defendant's 'home or home office'" for substituted service under section 17.045(a). *See Gilliam*, 215 S.W.3d at 849-50. The supreme court also reiterated

---

[1] "If nothing on the face of the record shows the forwarding address was the defendant's 'home or home office,' the courts of appeals are unanimous that a default judgment cannot survive a restricted appeal." *Gilliam*, 215 S.W.3d at 849.

that "no presumptions are made in favor of valid service in a restricted appeal from a default judgment." *Id*. at 850.

Here, M&E Endeavours did not comply with section 17.045(a); the record establishes that neither M&E Endeavours's petition nor the secretary of state's certificate of service contains the address of Air Voice's "home or home office." Because nothing in the record shows that the forwarding address was Air Voice's "home or home office," M&E Endeavours failed to comply strictly with the rules for service of process and there is error on the face of the record.

We reject M&E Endeavours's contention that it "complied with the method of service provided under section 17.045" even though its petition alleged that "Air Voice could be served by serving its registered agent at its registered agent['s] address;" we also reject its contention that the "registered agent's office should be considered to be [the] 'home office.'" M&E Endeavours readily admits that it did not find any cases in support of its contention; nonetheless, it "submits that the address of the registered agent should be construed to be a 'home office' address of Air Voice."

We decline M&E Endeavours's invitation to construe the address of Air Voice's registered agent as the address of Air Voice's "home office." If the legislature had intended the address of a nonresident's registered agent and the address of a nonresident's home office to be interchangeable, it could have stated so in the long-arm statute. Also, if the legislature had intended substituted service on a nonresident's registered agent to be proper, it could have stated so in the long-arm statute. Further, we are mindful that the supreme court has (1) "required that strict compliance with the rules for service of citation affirmatively appear on the record in order for a default judgment to withstand direct attack;" (2) "held repeatedly that no presumptions are made in favor of valid service in a restricted

appeal from a default judgment;" and (3) stated that, "for a default judgment to survive a restricted appeal, the face of the record must reflect that service was forwarded to the address required by statute." *See Gilliam*, 215 S.W.3d at 850; *Silver*, 884 S.W.2d at 152.

Because nothing in the record shows that the secretary of state forwarded process to Air Voice's home or home office as required by the statute on which M&E Endeavours relies, we hold the record does not show strict compliance with the statute and thus that error is apparent on the face of the record. Accordingly, we sustain Air Voice's first issue. Having sustained Air Voice's first issue, we need not consider its remaining three issues.

## CONCLUSION

We reverse the trial court's judgment and remand this case to the trial court for further proceedings.


/s/     William J. Boyce
Justice



Panel consists of Justices Boyce, Christopher and Jamison.