**REVERSE and REMAND; Opinion Filed April 30, 2020**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-19-00692-CV

**ADVANCED RESTORATION SOLUTIONS, LLC AND
ARCHITECTURAL REFINISHING SOLUTIONS, INC., Appellants
V.
RS REMODELING, LLC, Appellee**

**On Appeal from the 95th District Court
Dallas County, Texas
Trial Court Cause No. DC-l 8-15842**

## MEMORANDUM OPINION

Before Justices Myers, Partida-Kipness, and Reichek
Opinion by Justice Myers

Advanced Restoration Solutions, LLC and Architectural Refinishing Solutions, Inc. bring this restricted appeal from the default judgment rendered in favor of RS Remodeling, LLC on RS's suit on a sworn account. Appellants bring three issues contending error is apparent on the face of the record because they were not properly served. We reverse the trial court's judgment.

## BACKGROUND

Appellants hired RS to perform construction work. When the construction was completed, RS demanded payment, but appellants failed to pay. RS sued

appellants with a suit on a sworn account alleging causes of action for breach of contract, quantum meruit, and promissory estoppel and seeking damages of $64,800.

RS alleged appellants were foreign companies organized under the laws of the State of Georgia with their principal office in Georgia. RS requested that appellants be served through service on the Texas Secretary of State under section 5.251 of the Texas Business Organizations Code and section 17.044(b) of the Texas Civil Practice and Remedies Code. *See* TEX. BUS. ORGS. CODE ANN. § 5.251; TEX. CIV. PRAC. & REM. CODE ANN. § 17.044(b).

On October 22, 2018, the district clerk issued the citations. The process server swore in the return of service that he received the citation, petition, and statutory fee for the case on November 8, 2018, and that he served the secretary of state the same day. The secretary of state issued certificates of service on November 5, 2018, reciting that the secretary of state received the petition on October 29, 2018, forwarded it by certified mail to appellants on October 30, 2018, and that the return receipt "was received in this office dated November 2, 2018, bearing signature."

RS moved for default judgment on January 2, 2019. The trial court granted the motion and signed the default judgment on January 4, 2019. Appellants did not file any postjudgment motions or any requests for findings of fact and conclusions of law. Appellants filed notice of restricted appeal on June 10, 2019.

## RESTRICTED APPEAL

To prevail on a restricted appeal, the appellant must show:

(1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record.

*Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *see* TEX. R. APP. P. 26.1(c), 30. In this case, the record establishes the first three elements. We must determine whether appellants met the fourth element, that "error is apparent on the face of the record." *Alexander*, 134 S.W.3d at 848.

## SERVICE

In their third issue, appellants contend the trial court erred by granting the default judgment because of the conflict in the dates of service on the secretary of state. Appellants argue the record does not show they were properly served.

"When a default judgment is challenged by restricted appeal, there are no presumptions in favor of valid service." *Wachovia Bank of Del., N.A. v. Gilliam*, 215 S.W.3d 848, 848 (Tex. 2007) (per curiam). If the record on appeal fails to affirmatively show strict compliance with the rules and statutes governing service of citation, the attempted service of process is invalid and of no effect. *See Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985) (per curiam). Any failure to comply with the rules renders the attempted service of process invalid, and the trial court acquires no personal jurisdiction over the

–3–

defendant. *See Lytle v. Cunningham*, 261 S.W.3d 837, 840 (Tex. App.—Dallas 2008, no pet.). A default judgment based on improper service is void. *Id.* If proper service is not affirmatively shown, there is error on the face of the record. *Id.*

When a statute permits service on a government official, such as the secretary of state, instead of the defendant, and the statute requires the official to forward service to the defendant at a designated address, "the face of the record must reflect that service was forwarded to the address required by statute." *Wachovia Bank*, 215 S.W.3d at 850. If the record does not show such service, then the default judgment will not survive a restricted appeal. *Id.* If service is on the secretary of state pursuant to section 5.251 of the Business Organizations Code, then the secretary of state must "immediately send one of the copies of the process, notice, or demand to the named entity." BUS. ORGS. § 5.253(a). Likewise, if service is on the secretary of state pursuant to section 17.044 of the Civil Practice and Remedies Code, "the secretary of state shall immediately mail a copy of the process to the nonresident at the address provided." CIV. PRAC. § 17.045(a).

The statements in the return of service are "prima facie evidence of the facts recited therein." *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam). "The weight given to the return is no less when the recitations impeach the judgment than when they support it." *Id.* Similarly, the secretary of

state's certificate is "prima facie evidence of the facts stated in the certificate." TEX. BUS. ORGS. CODE ANN. § 4.005(a).

In this case, the secretary of state issued certificates on November 5, 2018, stating it forwarded service to appellants on October 30, 2018, and that the return receipts showed appellants received the documents on November 2, 2018. However, the process server stated under oath in the returns of service that he served the secretary of state on November 8, 2018. Either the process server's returns of service or the secretary of state's certificates are incorrect, or there was an earlier service on the secretary of state not shown in the record. If the process server's sworn returns of service are correct, and he did not serve the secretary of state until November 8, then the secretary of state cannot have forwarded the documents associated with this suit to appellants on October 30. We cannot presume that service was proper. *Wachovia Bank*, 215 S.W.3d at 850.

RS argues that deemed admissions supported the default judgment because appellants consented to the jurisdiction of the trial court. RS included requests for admissions with its petition, which included admissions that appellants consented to the trial court's jurisdiction. Appellants did not answer the requests for admissions. *See* TEX. R. CIV. P. 198.2(c) (if response to request for admissions is not timely served, "the request is considered admitted without the necessity of a court order"). RS cites *Sherman Acquisition II LP v. Garcia*, 229 S.W.3d 802 (Tex. App.—Waco 2007, no pet.), asserting the court of appeals "ruled that they

–5–

could be employed as proof as part of the default judgment record." In that case, the court of appeals determined that the unanswered request for admissions included in the petition that were deemed by the defendant's failure to answer conclusively proved the plaintiff's damages at a trial before the court on unliquidated damages. *Id.* at 805, 811–12. The appeal did not concern the validity of proof of service, and the court of appeals did not state that the admissions could be used to establish personal jurisdiction in a default judgment proceeding.

Even if deemed admissions could waive personal jurisdiction issues in a default judgment, the request for admissions must be served upon the admitting party. *See* Tex. R. Civ. P. 198.1 ("A party may serve on another party . . . ."). Because the request for admissions was included with the petition, the same defects of service related to the petition also apply to the request for admissions.

We conclude the record on appeal fails to affirmatively show strict compliance with the rules and statutes governing service of citation, which constitutes error on the face of the record. Therefore, the default judgment in this case must be reversed. *Wachovia Bank*, 215 S.W.3d at 850. We sustain appellants' third issue.

Having sustained the third issue, we do not address appellants' first and second issues. *See* Tex. R. App. P. 47.1

# CONCLUSION

We reverse the trial court's judgment and remand the cause for further proceedings.

/Lana Myers/

LANA MYERS
JUSTICE

190692F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ADVANCED RESTORATION
SOLUTIONS, LLC AND
ARCHITECTURAL REFINISHING
SOLUTIONS, INC., Appellants

No. 05-19-00692-CV     V.

RS REMODELING, LLC, Appellee

On Appeal from the 95th District
Court, Dallas County, Texas
Trial Court Cause No. DC-l 8-15842.
Opinion delivered by Justice Myers.
Justices Partida-Kipness and Reichek
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellants ADVANCED RESTORATION SOLUTIONS, LLC AND ARCHITECTURAL REFINISHING SOLUTIONS, INC. recover their costs of this appeal from appellee RS REMODELING, LLC.

Judgment entered this 30th day of April, 2020.