# Supreme Court of Texas

No. 24-0205

Huffman Asset Management, LLC and Prairie Capital, LLC,

*Petitioners*,

v.

Maurice Colter and Ni-Ida Colter,

*Respondents*

On Petition for Review from the
Court of Appeals for the Fifth District of Texas

**Argued December 2, 2025**

JUSTICE LEHRMANN delivered the opinion of the Court.

JUSTICE HUDDLE filed a concurring opinion, in which Justice Devine, Justice Young, and Justice Sullivan joined.

This residential-lease dispute involves an appeal from a no-answer default judgment based on defective service of process. The plaintiffs sued two limited liability companies and sought substituted service under a statute requiring the Secretary of State to mail process to the most recent addresses of the entities on file with the Secretary. As the record does not reflect that process was forwarded to the

statutorily required addresses, we reverse and remand to the trial court for further proceedings.

## I. Background

Maurice and Ni-Ida Colter entered into, and later renewed, an apartment lease agreement with Prairie Capital, LLC. In August 2021, the Colters sued Prairie and its property manager, Huffman Asset Management, LLC (HAM), for damages stemming from an alleged roach infestation.

Documents filed with the Secretary of State listed HAM's registered agent as Douglas J. Huffman and its registered office address as 3121 Overlook Circle, Highland Village, Texas 75077. Prairie's filings listed its registered agent as Doug Huffman and its registered office address as 8214 Westchester Drive, Suite 850, Dallas, Texas 75214. The process server attempted service at those addresses. His efforts were recorded as service attempts at "3121 Overlook Cir., Lewisville, TX 75077" (the wrong city) and "8214 Westchester Dr., Suite 850, Dallas, TX 75225" (the wrong zip code).

The process server also attempted service at "4201 San Jacinto St. #112, Dallas, Texas 75204," the address "of owner's representative for notice purposes" provided on the signed lease. Three attempts at this address were unsuccessful, as the server could not "access the apartment building due to the building be[ing] secure." The process server then attempted service at "4211 San Jacinto St., Suite 112, Dallas, Texas 75204," explaining that "[t]his is the same apartment complex as the previous address where service was attempted [4201 San

2

Jacinto], just the next building over." Again, the server "was unable to access the apartment building due to the building be[ing] secure."

Believing that they had exercised reasonable diligence in trying to serve the entities' registered agent at their respective registered office addresses, the Colters resorted to substituted service on the Secretary of State. *See* TEX. BUS. ORGS. CODE § 5.251(1)(B) ("The secretary of state is an agent of an entity for purposes of service of process . . . if the entity is a filing entity [and] . . . the registered agent of the entity cannot with reasonable diligence be found at the registered office of the entity."). On October 25, 2021, the Colters delivered copies of the citation and petition to the Secretary. The Colters also provided the Secretary with HAM's and Prairie's registered office addresses for forwarding. The Secretary issued *Whitney* certificates[1] approximately one month later, confirming that it sent copies of the documents to the entities' registered agent at the Overlook Circle and Westchester Drive addresses and that both mailings were returned, one with the notation "Forward Time Expired, Return to Sender" and the other with the notation "Return to Sender, Attempted Not Known, Unable to Forward."

The Colters moved for entry of a no-answer default judgment, submitting a certificate of last known mailing address for HAM and Prairie. *See* TEX. R. CIV. P. 239a (amended 2023) ("At or immediately prior to the time [a] default judgment is rendered, the party taking the

---

[1] In *Whitney v. L & L Realty Corp.*, we held that to support a default judgment based on substituted service on the Secretary of State, the record must contain a certificate from the Secretary showing that it forwarded a copy of the citation to the defendant "as required by the statute." 500 S.W.2d 94, 96 (Tex. 1973).

3

same or his attorney shall certify to the clerk in writing the last known mailing address of the party against whom the judgment is taken . . . .").[2] The certificate, however, did not provide the entities' registered office addresses. Rather, it listed the address on the lease—"4201 San Jacinto, #112, Dallas, TX 75204"—as the last known mailing address for both entities. The trial court signed a default judgment against HAM and Prairie on April 25, 2022, and notice of the judgment was sent to them at the San Jacinto address.

On May 25, HAM and Prairie moved for a new trial, complaining that the notice of default judgment was their first notice of the lawsuit. The trial court denied the motion for new trial, and the defendants appealed.

The court of appeals reversed as to a portion of the damages award but otherwise affirmed the judgment, holding that HAM and Prairie were properly served. *See* 719 S.W.3d 308, 326 (Tex. App.—Dallas 2023). The court first held that the Colters exercised reasonable diligence in attempting to serve the entities, thus allowing the Secretary to receive process on their behalf. *See id.* at 318. Then, as confirmed by the *Whitney* certificates, the court of appeals held that service of process on the Secretary was accomplished. *See id.* According to the court, the Secretary forwarded the process "to the most recent address of the entity on file," which "necessarily means the most recent address of the entity's registered agent and registered office for service of process." *Id.* at 320 (citing TEX. BUS. ORGS. CODE § 5.253). The court

---

[2] The current version of the rule also requires certification of the opposing party's last known email address. TEX. R. CIV. P. 239a.

4

held that "the *Whitney* certificates constitute conclusive proof that the Secretary of State, as agent of HAM and Prairie Capital, received service of process . . . and forwarded the service of process as required by the statute." *Id.* at 321.

We granted HAM and Prairie's petition for review.

## II. Standard of Review

"In Texas, 'no-answer default judgments are disfavored' and cannot be sustained absent meticulous adherence to service requirements." *Shamrock Enters., LLC v. Top Notch Movers, LLC*, 728 S.W.3d 693, 699 (Tex. 2026) (quoting *Spanton v. Bellah*, 612 S.W.3d 314, 316 (Tex. 2020)); *see also Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990) (holding that a "default judgment cannot withstand direct attack by a defendant who . . . was not served in strict compliance with applicable requirements"). Thus, a no-answer default judgment "generally must be set aside" if a defendant can show service of process was invalid. *Fid. & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 574 (Tex. 2006). "Receiving suit papers or actual notice through a procedure not authorized for service is treated the same as never receiving them." *Id.* at 574 n.1.

We review a trial court's refusal to set aside a no-answer default judgment for abuse of discretion. *See Old Republic Ins. Co. v. Scott*, 873 S.W.2d 381, 382 (Tex. 1994). Our review focuses on why the defendant did not appear. *See Fid. & Guar. Ins. Co.*, 186 S.W.3d at 573–74. Because "[n]otice is '[a]n elementary and fundamental requirement of due process,'" *B. Gregg Price, P.C. v. Series 1 – Virage Master LP*, 661 S.W.3d 419, 422 (Tex. 2023) (second alteration in original) (quoting

5

*Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)), "those not properly served have no duty to act, diligently or otherwise," *Ross v. Nat'l Ctr. for Emp. of the Disabled*, 197 S.W.3d 795, 798 (Tex. 2006). "Proof of non-service" therefore "conclusively establishes lack of fault or negligence in allowing a default judgment to be rendered," entitling the defaulting party to a new trial. *Caldwell v. Barnes*, 154 S.W.3d 93, 97 (Tex. 2004).

### III. Analysis

In Texas, an entity is required to designate and maintain a registered agent, with a registered office, "on whom may be served any process, notice, or demand required or permitted by law to be served on the entity." TEX. BUS. ORGS. CODE §§ 5.201(a)–(b)(1), .206. If the registered agent "cannot with reasonable diligence be found at the registered office of the entity," the Secretary of State is deemed an agent of the entity for service of process. *Id.* § 5.251(1)(B). Service on the Secretary is effected by delivering copies of the process, notice, or demand to the Secretary with the required fee. *Id.* § 5.252. As an agent receiving process on the entity's behalf, the Secretary "immediately" sends "one of the copies of the process, notice, or demand to the named entity." *Id.* § 5.253(a). "The notice must be addressed to the most recent address of the entity on file with the secretary of state." *Id.* § 5.253(b)(1). It is the responsibility of the person seeking service of process to provide the Secretary with "[t]he name and appropriate address of the person being named as defendant." 1 TEX. ADMIN. CODE § 71.21(a).

HAM and Prairie raise three issues in this Court, asserting: (1) the Colters were not entitled to substituted service because they

6

failed to exercise reasonable diligence in finding the registered agent of the entities at the registered offices; (2) even if the Colters were entitled to substituted service, the "most recent address of the entity on file" does not mean the entity's most recent registered office address; and (3) the Colters were therefore required to provide HAM's and Prairie's principal office addresses to the Secretary, rather than their registered office addresses. Because HAM and Prairie are correct on the dispositive second and third issues, we assume without deciding that the Colters exercised reasonable diligence in attempting to serve the entities at their registered office addresses pursuant to Business Organizations Code Section 5.251.

"When substituted service on a statutory agent is allowed, the designee is not an agent for *serving* but for *receiving* process on the defendant's behalf." *Campus Invs., Inc. v. Cullever*, 144 S.W.3d 464, 466 (Tex. 2004). As an agent receiving process on an entity's behalf, the Secretary immediately sends notice to the named entity, addressed "to the most recent address of the entity on file with the secretary of state." TEX. BUS. ORGS. CODE § 5.253(b)(1).

As an initial matter, we address the court of appeals' holding that the Secretary's *Whitney* certificates "conclusively establish[] that process was [properly] served." 719 S.W.3d at 318. This was error, as "the Secretary of State's certification establishes only the facts stated therein." *Shamrock Enters.*, 728 S.W.3d at 697. In this case, the two *Whitney* certificates document, and serve as conclusive proof, that process was forwarded to the Overlook Circle and Westchester Drive addresses. But they do not establish that those addresses are "the one[s]

7

the statute requires." *Id.*; *see also Wachovia Bank of Del., N.A. v. Gilliam*, 215 S.W.3d 848, 850 (Tex. 2007) (holding that even in the context of a restricted appeal, we will not presume that process was forwarded to the address "required by statute" barring a certification to that effect).

The dispute thus hinges on whether the Overlook Circle address was "the most recent address of [HAM] on file with the secretary of state" and whether the Westchester Drive address was "the most recent address of [Prairie] on file with the secretary of state." TEX. BUS. ORGS. CODE § 5.253(b)(1). HAM and Prairie contend that service was invalid because the most recent address on file with the Secretary for both entities was 4211 San Jacinto Street, #112, Dallas, Texas 75204. The Colters, meanwhile, argue that HAM and Prairie were properly served because the Secretary mailed process to the entities' registered office addresses, which the Colters assert are the most recent addresses on file.

In construing the statutory service requirements, we first look to the statute's text and apply the common, ordinary meaning of those words "unless the text supplies a different meaning or the common meaning leads to absurd results." *Malouf v. State ex rels. Ellis*, 694 S.W.3d 712, 718 (Tex. 2024) (quoting *Tex. Health Presbyterian Hosp. of Denton v. D.A.*, 569 S.W.3d 126, 131 (Tex. 2018)). A filing entity[3] may

---

[3] A "filing entity" is "a domestic entity that is a corporation, limited partnership, limited liability company, professional association, cooperative, or real estate investment trust." TEX. BUS. ORGS. CODE § 1.002(22). A "foreign filing entity" is an organization formed under or governed by the laws of

8

have multiple addresses "on file" with the Secretary. First, the entity must "designate and continuously maintain" a registered agent and registered office, TEX. BUS. ORGS. CODE § 5.201, and changes to the registered agent or office are effected by filing a statement of the change, *id.* §§ 5.202–.203. Apart from designating a registered office address, a filing entity is also required to file an annual Public Information Report (PIR) with the Comptroller of Public Accounts, providing a mailing address as well as the addresses of the entity's principal office and principal place of business. *See* TEX. TAX CODE § 171.203. The Comptroller then forwards the report to the Secretary of State. *See id.* § 171.203(c). As a result, the address or addresses set forth in an entity's PIR are also "on file" with the Secretary. And for a newly formed entity, the certificate of formation on file with the Secretary provides "the initial mailing address of the filing entity." TEX. BUS. ORGS. CODE § 3.005(a)(6). The Secretary may also adopt additional "forms for a filing instrument or a report authorized or required by this code to be filed with the secretary of state." *Id.* § 4.006. These filings, which can only be "signed by a person authorized by this code to act on behalf of the entity in regard to the filing instrument," could also provide an address of the entity. *Id.* § 4.001.

Simply stated, the most recent of these addresses is the "most recent address of the entity on file with the secretary." *Id.* § 5.253(b)(1). The plain text of the statute does not distinguish between the addresses

another jurisdiction that is required to register with the Secretary to transact business in Texas. *Id.* §§ 1.002(28)–(29), 9.001, .004(a), 4.001. Unless otherwise noted, references to a filing entity also include a foreign filing entity.

on file, except to direct us to the most recently filed. To that end, the most recent address on file with the Secretary *could* be the registered office address, but that is not necessarily the case. In other instances, the most recent address of the entity may be set forth in the annual PIR. To the extent that the most recent document on file includes more than one address—for example, a PIR that lists different addresses for the entity's principal office and principal place of business—both would qualify as "the most recent address of the entity on file," meaning process must be sent to both. *See* TEX. GOV'T CODE § 311.012(b) (providing that, in construing statutes, "[t]he singular includes the plural and the plural includes the singular"); *Shamrock Enters.*, 728 S.W.3d at 702 (Blacklock, C.J., concurring) (stating that while "due process demands neither exhaustive searches nor heroic measures," it does require additional reasonable steps that "one desirous of actually informing the owner might reasonably try" (citation modified)).

The plain reading of the text aligns with Section 5.253(b)'s statutory history, which "can help clarify what the law means." *Brown v. City of Houston*, 660 S.W.3d 749, 755 (Tex. 2023) (emphasis omitted); *see also* TEX. GOV'T CODE § 311.023. Before the Legislature enacted the Business Organizations Code, the Texas Limited Liability Company Act required the Secretary, when executing substituted service of process on an LLC, to forward copies to the company's "registered office." Act of May 27, 1991, 72d Leg., R.S., ch. 901, § 46, art. 2.08(B), 1991 Tex. Gen. Laws 3161, 3196, *amended by* Act of May 19, 2003, 78th Leg., R.S., ch. 182, § 9, 2003 Tex. Gen. Laws 267, 596. In codifying Section 5.253(b), the Legislature removed the term "registered office" and replaced it with

10

"the most recent address of the entity on file with the secretary of state." Act of May 19, 2003, 78th Leg., R.S., ch. 182, § 1, 2003 Tex. Gen. Laws 267, 344 (codified at TEX. BUS. ORGS. CODE § 5.253(b)). As the Legislature used different words, we "presume that [it] intended different meanings." *Brown*, 660 S.W.3d at 756.

"[T]he most recent address . . . on file" is plainly not synonymous with the "registered office" address. Indeed, holding otherwise would lead to incongruous results. For example, the Secretary is the agent of process for foreign entities without a registered office and entities that fail to maintain a registered agent in the state. *See* TEX. BUS. ORGS. CODE § 5.251. If the "most recent address of the entity on file" means nothing more than the entity's registered office address, then the Secretary could never send process to entities without a registered office because no such office exists.

Moreover, the requirement that the Secretary forward process to the "most recent address of the entity on file with the secretary," rather than the specific "registered office" address, comports with the broader statutory scheme. Section 5.251 of the Business Organizations Code sets forth two scenarios in which the Secretary may be considered an agent of a domestic filing entity: when there is no registered agent to be served because "the entity fails to appoint or does not maintain a registered agent in this state"; and when the registered agent "cannot with reasonable diligence be found at the registered office of the entity." *Id.* If Section 5.253 merely required the Secretary to send documents to an address where there is no registered agent, or to the same address where reasonable attempts at service have been unsuccessful, the notice

11

would not be "reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections." *Mitchell v. MAP Res., Inc.*, 649 S.W.3d 180, 189 (Tex. 2022) (quoting *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84 (1988)). It stands to reason that more recent filings may provide a more reliable address for an entity that failed to update its registered office address. *See, e.g.*, *Wade v. Valdetaro*, 696 S.W.3d 673, 675–76 (Tex. 2024). At the very least, a more recently filed address is "not substantially less likely to bring home notice" than a registered office address no longer occupied by the defendant. *Mitchell*, 649 S.W.3d at 189.

Having discussed the meaning of Section 5.253(b), we now consider the "most recent address[es]" of HAM and Prairie "on file with the secretary" when the Colters attempted to effect substituted service on October 25, 2021. We turn first to HAM. In 2010, HAM filed a statement with the Secretary changing its registered office address to the Overlook Circle address, which remained HAM's registered office address when suit was filed. However, the entity's 2021 PIR, which was on file with the Secretary when the Colters sought substituted service, provides "4211 San Jacinto Ste. 112, Dallas, TX 75204" as HAM's mailing address as well as the address of its principal office and principal place of business. Without a superseding address, the 2021 PIR furnishes the San Jacinto Street address as the "most recent address of [HAM] on file."

As to Prairie, the record contains the entity's 2015 Certificate of Formation providing the Westchester Drive address as the company's

12

initial registered office.[4] The record does not reflect whether any other documents providing a more recent address were "on file" with the Secretary when the Colters sought substituted service. However, we may take judicial notice of publicly available filings maintained by the Secretary. *See Tafel v. State*, 536 S.W.3d 517, 523 (Tex. 2017) ("An appellate court . . . may take judicial notice . . . of . . . facts that could have been properly judicially noticed by the trial judge . . . ."); TEX. R. EVID. 201(b)(2) (authorizing a trial court to take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"). Prairie's PIR "on file" with the Secretary at the relevant time states that the entity's mailing address, as well as the address of its principal office and principal place of business, was "4211 San Jacinto Ste. 112, Dallas, TX 75204." Thus, the San Jacinto address qualifies as "the most recent address of the entity on file with the secretary," and process should have been sent to Prairie at this address.[5]

\* \* \*

---

[4] The record also contains the Secretary's certification, issued on January 7, 2022, listing the Westchester Drive address as Prairie's registered office. The Colters attached the certificate to support their motion for entry of default judgment.

[5] The Colters' first amended petition also alleges that "[a] filing with the Secretary of State by Prairie Capital, LLC reflects that its principal office is 4211 San Jacinto, Suite 112, Dallas, TX 75024." Prairie maintains that this statement is proof that "the Colters knew that the 4211 San Jacinto address was . . . Prairie Capital's principal office address on file with the Secretary of State." The Colters do not dispute this fact.

13

The Court is increasingly skeptical of default judgments, regardless of the precise legal issue under consideration or the procedural posture in which the case arises. *See, e.g.*, *Tabakman v. Tabakman*, 728 S.W.3d 703, 709–10 (Tex. 2025) (holding that the trial court abused its discretion in denying a motion for new trial following a default judgment despite alternative service on the defendant); *In re Lakeside Resort JV, LLC*, 689 S.W.3d 916, 922 (Tex. 2024) (explaining that, in the context of default judgments only, finality is lacking regardless of what the record shows if the judgment contains an affirmative indication of nonfinality). Such wariness of default judgments reflects the importance of adversarial presentation and adjudication on the merits to the legitimacy of our legal system. *Lakeside Resort*, 689 S.W.3d at 920–21.

Accordingly, an entry of default is "tolerable only because the absent party could have appeared but chose not to do so." *Id.* at 921. That is not what happened here. Valid substituted service on an entity under the Business Organizations Code requires forwarding "to the most recent address on file with the secretary of state." TEX. BUS. ORGS. CODE § 5.253. Because neither HAM nor Prairie was served in that manner, the default judgment against them cannot stand.

## IV. Conclusion

As the record does not demonstrate strict compliance with the substituted-service requirements, we hold that the trial court abused its discretion in denying HAM and Prairie's motion for new trial.

14

Accordingly, we reverse the court of appeals' judgment and remand the case to the trial court for further proceedings.

_____
Debra H. Lehrmann
Justice

**OPINION DELIVERED:** May 29, 2026