**Kenneth CORNIELLO and Corniello & Associates, LLC, Appellants and Cross–Appellees,**

v.

**STATE BANK AND TRUST, DALLAS, Appellee and Cross–Appellant.**

No. 05–10–00315–CV.

Court of Appeals of Texas, Dallas.

June 30, 2011.

*Strickler,* 527 U.S. at 267–69, 293 n. 41, 119 S.Ct. 1936.

Jacob B. Marshall, Marshall & Kellow, LLP, Dallas, TX, for Appellants and Cross–Appellees

Jeffrey R. Seckel, McGuire, Craddock, Strother, PC, Dallas, TX, for Appellee and Cross–Appellant.

Before Justices BRIDGES, LANG-MIERS, and MURPHY.

## OPINION

Opinion By Justice MURPHY.

Kenneth Corniello and Corniello & Associates, LLC (the LLC) appeal a summary judgment in favor of State Bank and Trust, Dallas. The Bank cross-appeals, contending we lack jurisdiction to consider appellants' appeal. We conclude we have jurisdiction because the trial court properly granted appellants' motion to extend

post-trial deadlines. *See* TEX.R. CIV. P. 306a. We further conclude that Corniello's affidavit was sufficient to raise a genuine issue of material fact regarding the market value of real property owned by the LLC. We reverse the trial court's summary judgment and remand the cause.

## BACKGROUND

The Bank made three loans to the LLC, guaranteed by Corniello. The loans were secured by real property. When the LLC ceased making payments on the loans, the Bank filed suit to recover the amounts due. The real property securing the loans was sold at a trustee's sale. Appellants filed an answer asserting the affirmative defense of offset, and also filed a motion pursuant to section 51.003 of the Texas Property Code requesting that the trial court make a determination of the fair market value of the properties sold at the foreclosure sale. *See* TEX. PROP.CODE ANN. § 51.003(b) (West 2007).[1] The Bank then moved for summary judgment for the deficiency remaining on the loans. On the day set for the summary judgment hearing, Corniello and the LLC filed a motion for continuance of the hearing and for an extension of time to file a summary judgment response. Appellants' summary judgment response and an affidavit of Corniello were attached to the motion. The record contains no ruling on the motion for continuance, and the hearing proceeded as scheduled. After the hearing, the Bank filed objections to Corniello's affidavit. The trial court sustained some of the objections and struck the affidavit because Corniello "has not been properly qualified as an expert and is, therefore, precluded from offering any valuation opinions." The trial court also sustained the Bank's objections to paragraphs 8 through 11 of the affidavit.

The trial court granted the Bank's motion for summary judgment and signed the order on November 3, 2009. On January 19, 2010, Corniello and the LLP filed a motion to extend postjudgment deadlines pursuant to Rule 306a, Texas Rules of Civil Procedure. After a hearing, the trial court granted the motion, finding that "on December 17, 2009, Corniello or Corniello's attorney first either received the notice required by TEX.R. CIV. P. 306a(3) or acquired actual knowledge that the November 3, 2009 Order Granting Plaintiff's *Motion for Summary Judgment*" was signed. The court ordered that post-judgment deadlines would begin to run on December 17, 2009, rather than November 3, 2009. The trial court also denied appellants' motion for new trial. This cross-appeal followed.

## STANDARDS OF REVIEW

The standards of review for both traditional and no-evidence summary judgments are well known. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985); *Gen. Mills Rests., Inc. v. Texas Wings, Inc.*, 12 S.W.3d 827, 832–33 (Tex.App.-Dallas 2002, no pet.). With respect to its traditional motion for summary judgment, the Bank had the burden to demonstrate that no genuine issues of ma-

---

1. Section 51.003(b) provides:

Any person against whom such a recovery is sought by motion may request that the court in which the action is pending determine the fair market value of the real property as of the date of the foreclosure sale. The fair market value shall be determined by the finder of fact after the introduction by the parties of competent evidence of the value. Competent evidence of value may include, but is not limited to, the following: (1) expert opinion testimony; (2) comparable sales; (3) anticipated marketing time and holding costs; (4) cost of sale; and (5) the necessity and amount of any discount to be applied to the future sales price or the cashflow generated by the property to arrive at a current fair market value.

terial fact existed and it was entitled to judgment as a matter of law. *See Nixon,* 690 S.W.2d at 548–49. To defeat the no-evidence summary judgment, however, appellants were required to present sufficient evidence to raise a genuine issue of fact on each challenged element of their affirmative defenses. *See Gen. Mills,* 12 S.W.3d at 832–33. We review the grant of summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 215 (Tex.2003). In reviewing a grant of summary judgment, we take as true evidence favorable to the nonmovant, making every reasonable inference and resolving all doubts in the nonmovant's favor. *Centeq Realty, Inc. v. Siegler,* 899 S.W.2d 195, 197 (Tex.1995).

We review the trial court's findings of the date appellants received notice of the judgment, as required under rule 306a, by the well-known standards of legal and factual sufficiency of the evidence. *Dishner v. Huitt–Zollars, Inc.,* 162 S.W.3d 370, 378 (Tex.App.-Dallas 2005, no pet.). As the fact finder, the trial judge weighs the evidence and judges a witness's credibility, and the judge may accept or reject any witness's testimony in whole or in part. *Id.*

A legal sufficiency challenge may be sustained only when (1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of a vital fact. *Uniroyal Goodrich Tire Co. v. Martinez,* 977 S.W.2d 328, 334 (Tex.1998). In determining whether there is legally sufficient evidence to support the finding under review, we must consider evidence favorable to the finding if a reasonable fact finder could, and disre-gard evidence contrary to the finding unless a reasonable fact finder could not. *City of Keller v. Wilson,* 168 S.W.3d 802, 827 (Tex.2005).

A factually insufficient finding is one for which the supporting evidence is so weak or the contrary evidence so overwhelming that the answer should be set aside and a new trial ordered. *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965). We are required to consider all of the evidence before the court in making this determination, not just the evidence that supports the finding. *Mar. Overseas Corp. v. Ellis,* 971 S.W.2d 402, 406–07 (Tex.1998).

ANALYSIS

*Jurisdiction*

We first address the Bank's contention that neither this court nor the trial court has jurisdiction to consider appellants' challenge to the summary judgment order. In three cross-issues, the Bank contends the trial court should not have granted appellants' motion to extend post-trial deadlines under Rule 306a, Texas Rules of Civil Procedure. The Bank argues the rule 306a motion was insufficient because Corniello and the LLC failed to establish a prima facie case of lack of timely notice. The Bank also contends that the evidence was legally and factually insufficient to support the trial court's finding under rule 306a that appellants received actual knowledge of the summary judgment on December 17, 2009.

■ Post-judgment procedural timetables run from the day a party receives notice or actual knowledge of the judgment, rather than the day the judgment is signed, if the party (1) complies with the sworn motion, notice, and hearing requirements mandated by rule 306a(5), and (2) proves it received notice of the judgment more than twenty but less than ninety-one

days after it was signed. *Nathan A. Watson Co. v. Employers Mut. Cas. Co.*, 218 S.W.3d 797, 800–01 (Tex.App.-Fort Worth 2007, no pet.) (citing Tex.R. Civ. P. 306a). Specifically, rule 306a(5) requires the party challenging notice to file a sworn motion with the trial court establishing the date the party or its counsel first learned of the judgment. *Id.* (citing Tex.R. Civ. P. 306a(5) and *Mem'l Hosp. of Galveston Cnty. v. Gillis*, 741 S.W.2d 364, 365 (Tex. 1987)). The sworn motion establishes a prima facie case that the party lacked timely notice and invokes a trial court's otherwise-expired jurisdiction for the limited purpose of holding an evidentiary hearing to determine the date on which the party or its counsel first received notice or acquired knowledge of the judgment. *Id.*

■ We conclude the trial court did not err in granting appellants' motion under rule 306a. Appellants filed the affidavits of Corniello and his counsel with the rule 306a motion. In a supplement to the motion, appellants filed the affidavit of their previous attorney, and they presented the prior attorney's live testimony at the hearing on the motion. Citing *City of Laredo v. Schuble*, 943 S.W.2d 124 (Tex.App.-San Antonio 1997, orig. proceeding), the Bank first argues appellants did not establish a prima facie case under rule 306a. While we agree that appellants bore the burden of establishing the applicability of rule 306a, *see id.* at 126, we conclude that *Schuble* is distinguishable. In *Schuble*, the affidavit submitted with the rule 306a motion did not verify any of the facts in the motion itself. *Id.* Further, only "one member of the plaintiffs' legal team" submitted an affidavit regarding when he learned of the final judgment in the case, and plaintiffs did not refute "the fact that the district clerk had sent timely notice to all counsel of record." *Id.* Here, to support the facts alleged in the motion, appellants submitted affidavits of their current counsel, their previous lead and only counsel, and Corniello. Appellants also refuted receipt of the judgment from the district clerk, as discussed below. We conclude appellants established a prima facie case of the applicability of rule 306a.

Appellants offered evidence that they did not receive actual knowledge of the judgment until December 17, 2009. By affidavit submitted with the rule 306a motion, Corniello testified, "The first time I learned that I may have had a judgment entered against me and Corniello & Associates, LLC was on December 17, 2009 when I received a call from my broker at UBS saying that my account had been frozen." Similarly, Corniello's former attorney testified he first learned that a judgment probably had been signed when he received a call from Corniello on December 17 or 18, 2009 advising that Corniello's brokerage account had been frozen because of a judgment in this action. The attorney testified he did not receive a copy of the signed judgment dated November 3, 2009 until he was given a copy in late January or early February, 2010 by appellants' new counsel. He testified that he searched his files and did locate a mis-filed copy of post-judgment discovery requests sent by the Bank on December 3, 2009; the discovery requests, however, did not include a copy of the judgment. The attorney also testified that he thought the discovery requests were a pleading he was expecting to receive at about the same time in another case and placed them in the wrong file. The Bank did not contend the discovery requests included a copy of the judgment, and the attorney testified he did not recognize that a judgment had been entered in this case.

The former attorney also testified about problems in his personal life at the time that kept him from giving full attention to

his law practice, and he explained the procedures in his office for mail delivery. Because he did not employ a secretary or paralegal, he was the only one who handled receipt of mail in his office. If he was not in his office, someone in the building would place his mail in his chair. Therefore, no one else in his office would have seen or filed the judgment if one had been sent.

On cross-examination, the Bank questioned the attorney's recollection about receipt of the post-judgment discovery, showing that someone else signed the certified mail receipt. The legal assistant for the Bank's counsel also testified about how she would have sent the post-judgment discovery, contradicting the attorney's testimony that the documents were tri-folded. The Bank also cross-examined the attorney about problems with other mailings in the case.

Correspondence in the trial court's file showed the Bank had submitted the proposed judgment for the judge's signature with a cover letter stating that the Bank's counsel would send a conformed copy of the judgment to appellants' counsel. There was no evidence the Bank did so. Instead, the Bank argues the trial court took judicial notice of its own usual procedure of sending out copies of signed judgments to the parties. There is nothing in the record to show the trial court sent the judgment to appellants. *See Ginn v. Forrester*, 282 S.W.3d 430, 433 (Tex.2009) (per curiam) (no affirmative duty of clerk to record mailing of judgment). The attorney denies having received a copy from the court clerk, from the Bank, or from anyone else. As noted, Corniello states in his affidavit supporting the rule 306a motion that he did not learn of the judgment until December 17, 2009, and his new counsel testified by affidavit detailing his efforts to obtain information about service of the judgment.

In sum, the parties offered conflicting evidence regarding receipt of the judgment. The trial court was then presented with an issue of fact to resolve. We may not substitute our judgment for that of the fact finder. *See Texaco, Inc. v. Phan*, 137 S.W.3d 763, 768 (Tex.App.-Houston [1st Dist.] 2004, no pet.) (finding that because appellate court could not substitute its judgment for that of fact finder, evidence was legally and factually sufficient to support rule 306a finding). We therefore conclude the evidence is legally and factually sufficient to support the trial court's finding that appellants' counsel received actual knowledge of the trial court's judgment on December 17, 2009. *See id.* We overrule the Bank's first three issues on its cross-appeal.

### Summary Judgment Evidence

■ Appellants' five issues arise out of the trial court's ruling sustaining the Bank's objections to Corniello's affidavit testimony of the value of the foreclosed real estate. As a result of the ruling, appellants had no summary judgment evidence as to value and the trial court granted the Bank's motion for summary judgment. Appellants contend Corniello's opinion of the fair market value of the property was admissible under the "Property Owner Rule," that is, a property owner is qualified to testify to the value of his property even if he is not an expert and would not be qualified to testify as to the value of other property. *See Porras v. Craig*, 675 S.W.2d 503, 504 (Tex.1984). After the trial court's judgment in this case, the Texas Supreme Court considered whether the Property Owner Rule would apply to testimony by an employee or officer of an organization. *Reid Road Mun. Util. Dist. No. 2 v. Speedy Stop Food*

*Stores, Ltd.,* 337 S.W.3d 846, 847–48 (Tex. 2011). In *Speedy Stop,* the court concluded:

> [W]e believe the better rule is to treat organizations the same as natural persons for purposes of the Property Owner Rule, with certain restrictions on whose testimony can be considered as that of the property owner. We hold that the Property Owner Rule is limited to those witnesses who are officers of the entity in managerial positions with duties related to the property, or employees of the entity with substantially equivalent positions and duties. Further, the Property Owner Rule falls within the ambit of Texas Rule of Evidence 701 and therefore does not relieve the owner of the requirement that a witness must be personally familiar with the property and its fair market value, but the Property Owner Rule creates a presumption as to both.

*Id.* at 849. Thus, an entity may prove the value of its property through certain categories of employees whose positions and duties warrant applying a presumption that they are familiar with the entity's property and its value. *Id.* at 854–55.

Applying this rule to the facts in *Speedy Stop,* the court concluded that the proffered testimony of the vice president of the corporate general partner of Speedy Stop, was not admissible under the Property Owner Rule. *Id.* at 855. Speedy Stop, not its general partner, was the owner of the property. *Id.* The court explained, "even though [the witness] had general knowledge of Speedy Stop's property, he did not fall into the category of entity representatives to whom the Property Owner Rule applies." *Id.* The court concluded, the vice president "did not qualify to testify to the value of the Property under the Property Owner Rule, and the trial court did not abuse its discretion by excluding his affida-

vit to the extent it offered his opinion as to Speedy Stop's damages." *Id.*

Here, Corniello testified in his affidavit that he is "the sole member of Corniello & Associates, LLC." He stated that the LLC was the owner of three real estate parcels, two in Sherman, and one in Bonham, Texas. He explained that the two Sherman properties "have been available for rent" and "were consistently rented" during the LLP's ownership "for between $750.00 and $900.00 per month per unit" and attached an exhibit showing the rentals. As to the Bonham property, Corniello testified it had never been occupied, but he had spent an "additional $22,218 of his own money in an attempt to bring the construction to a conclusion" after the contractor failed to finish the work. He attached an exhibit supporting the amount he spent after having used the entire amount loaned by the Bank. He testified that although the property in Bonham was not completed by the contractor, it was "identical to another fourplex building next door," which was "being rented for $650.00 per unit per month." Corniello testified that he was familiar with the value of real estate in both Sherman and Bonham, and gave his opinion of the fair market value of each of the three properties at issue. For each of the three properties, Corniello stated he "reasonably believes" the fair market value of the parcel was a particular amount. He also stated he "reasonably believes that the rents derived from the Sherman properties support his opinion of their value."

The Bank argues Corniello's affidavit was insufficient because a "reasonable belief" as to the value of the property is not as reliable as an "expert opinion" of the value. The Bank points out that appellants sought additional time from the trial court to obtain an expert opinion of the value of the property. The Bank also contends that the affidavit does not estab-

lish Corniello had the requisite knowledge to testify about the fair market value of the property even under the Property Owner Rule.

▮ In light of the reasoning in *Speedy Stop,* we reject the Bank's arguments. The Property Owner Rule does not require the property owner to qualify as an expert. *Speedy Stop,* 337 S.W.3d at 852–53 ("Generally, a property owner is qualified to testify to the value of her property even if she is not an expert . . ."). In contrast to the affidavit in *Speedy Stop,* Corniello was the "sole member" of the LLC and testified he was familiar with the value of real estate in Sherman and Bonham. He did not state directly that he was personally familiar with the specific property at issue,[2] but as the "sole member" of the LLC, the court may presume that Corniello as owner of the property is familiar with the property and its value. *See id.* at 852 ("[T]he Property Owner Rule . . . is based on the presumption that a property owner is familiar with her property and its value.").

Corniello's testimony was sufficient to raise a fact issue regarding the value of the property. We therefore sustain appellants' first three issues.

The Bank's fourth issue and appellants' fourth and fifth issues address whether the trial court could consider Corniello's opinion regardless of its content. The Bank argues that because Corniello's affidavit was not timely filed, it cannot be considered at all. Appellants counter that the Bank failed to object and the record reflects the trial court considered Corniello's testimony.

The Bank correctly notes that appellants' motion for continuance, to which the summary judgment response and affidavit were attached, was not granted. While there is no written order on the motion, the trial court went forward with the summary judgment hearing as scheduled. The trial court also permitted the Bank to file objections to the affidavit after the hearing, and the court ruled on those objections before granting the Bank's summary judgment.

The Bank did not object to the timeliness of the summary judgment response and affidavit; the Bank's objections were addressed to deficiencies in the affidavit itself. Citing *City of Coppell v. Gen. Homes Corp.,* 763 S.W.2d 448, 451–52 (Tex.App.-Dallas 1988, writ denied), appellants argue that the Bank's failure to object to timeliness precludes our consideration of the issue on appeal. In *City of Coppell,* we concluded that a summary judgment movant must object in the trial court to preserve a complaint about the timeliness of the filing of a summary judgment response. *Id.* Other courts have held that an objection is not necessary and that the appellate court must presume the trial court did not consider the untimely filing. *See Neimes v. Ta,* 985 S.W.2d 132,

---

**2.** In *Speedy Stop,* because the witness could not be considered the owner of the property for purposes of the Property Owner Rule, the court went on to consider whether his testimony would be admissible as a lay opinion under rule 701 of the Texas Rules of Evidence. *Id.* at 852. Without testimony setting out facts showing the witness was personally familiar with the property and its fair market value, the court concluded rule 701 would not provide independent ground for admission of the opinion. *Id.* ("We need not address Rule 701 apart from the Property Owner Rule in depth, however, because while [the witness's] affidavit demonstrates his expertise in real estate matters and general familiarity with Speedy Stop's property, it does not set out facts demonstrating that he was personally familiar with the Property and its fair market value . . ."). Here, because the Property Owner Rule applies, there is a presumption that Corniello was personally familiar with the property and its fair marker value. *See id.* at 852–53.

138 (Tex.App.-San Antonio 1998, pet. dism'd by agr.)(commenting that our decision to consider the response in *City of Coppell* was "plainly wrong"); *see also Luna v. Estate of Rodriguez,* 906 S.W.2d 576, 582 (Tex.App.-Austin 1995, no writ) ("If the movant files late summary judgment evidence and no order appears in the record granting leave to file, we presume the trial court did not consider the evidence regardless of whether the nonmovant failed to object to the evidence.").

We need not reconcile these differences here, however, because the record otherwise indicates that the trial court considered the response. *See INA of Texas v. Bryant,* 686 S.W.2d 614, 615 (Tex.1985) (where "nothing appear[ed] of record to indicate" that late filing was with leave of court, appellate court must presume that trial court did not consider it); *see also Benchmark Bank v. Crowder,* 919 S.W.2d 657, 663 (Tex.1996) (same). Here, the trial court reviewed the affidavit, ruled on the Bank's objections, and further concluded that Corniello had not been qualified as an expert to testify regarding the fair market value of the property, stating "Defendant Kenneth Corniello has not been properly qualified as an expert and is, therefore, precluded from offering any valuation opinions in the Affidavit of Kenneth Corniello."

The trial court did more than merely rule on the Bank's objections. *Cf. Neimes,* 985 S.W.2d at 138–140 (trial court's rulings only on movant's objections to late-filed summary judgment evidence not "something in the record" to indicate trial court considered late-filed response). The trial court discussed its ruling at the hearing on appellants' motion for new trial, noting its conclusion that the affidavit was insufficient to meet appellants' burden of proving the value of the property. ("THE COURT: I mean, it was pretty apparent from the affidavits that no one knew what it was and y'all had the burden of doing it."). Although the trial court ultimately ruled against appellants, we conclude the record indicates the trial court did permit the late filing and considered the response and affidavit in reaching its summary judgment ruling.

CONCLUSION

The trial court did not abuse its discretion in granting appellants' rule 306a motion. Further, under the Texas Supreme Court's reasoning in *Speedy Stop,* Corniello's opinion of the value of the properties constituted some evidence to create a fact issue precluding summary judgment for the Bank. We affirm the trial court's order granting appellants' rule 306a motion. We reverse the trial court's order granting summary judgment for the Bank and remand the cause for further proceedings.