

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-12-00063-CV
_____

RK FINANCIAL GROUP, L.P., APPELLANT

V.

ALLSTATE SECURITY INDUSTRIES, APPELLEE

On Appeal from the County Court at Law No. 1
Potter County, Texas
Trial Court No. 97,110-1, Honorable W.F. "Corky" Roberts, Presiding

June 6, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

RK Financial Group, L.P. (RK) appeals from a summary judgment granted in favor of Allstate Security Industries (Allstate).[1]  The latter had sued the former for breach of contract and fraud.  Several issues pend for our disposition.  One involves whether the trial court erred in denying RK's motion to extend post-judgment deadlines because it did not know of the judgment being signed until thirty-one days after the date of execution.  The other issues involve the denial of its motion for new trial and the trial

_____

[1]Allstate did not file an appellee's brief or seek an extension of time to do so.

court's refusal to allow RK to modify answers to requests for admission that were deemed admitted. We reverse the judgment.

*Background*

The dispute emanated from RK's purchase of a security system from Allstate. Either as part of the agreement or via subsequent communications, Allstate allegedly provided RK security service it had not requested. Upon the recipient's refusal to pay for same, Allstate filed the aforementioned suit.

RK's registered agent (Kay Fischer) received the original petition and filed an answer on behalf of the entity. Thereafter, Allstate moved for summary judgment and allegedly served requests for admission upon RK. The latter were not answered, nor did RK respond to the summary judgment motion. The default allegedly occurred because it did not receive or know of the documents. Nor was it aware of the hearing date assigned to the motion for summary judgment.

The trial court ultimately granted the motion and signed a summary judgment on October 17, 2011, which decree awarded Allstate damages. According to an affidavit executed by Fischer, neither she nor anyone else with the business knew of the judgment's entry until November 17, 2011. This lack of notice or knowledge purportedly related to Fischer's absence from the country for long periods of time each month. She also stated in her affidavit that the letter sent by the court clerk notifying RK of the decree contained an incorrect street address; that is, instead of the street name being "Edlen" (the street on which Fischer actually lived), the name was typed as "Eldlin." Exhibit A to her affidavit (a copy of the letter itself) supported her representation.

2

Given the foregoing circumstances, RK moved for a new trial to extend the deadlines by which it could move for a new trial and perfect an appeal per Texas Rule of Civil Procedure 306a, and to be granted leave to answer the requests for admission. Those motions were heard and denied by the trial court.

*Extending Deadlines*

We first address the dispute concerning the trial court's refusal to grant RK's Rule 306a motion. Two reasons were mentioned as support for the decision. The first pertained to standing while the second concerned the movant's satisfaction of the Rule 306a requirements.

a. *Standing*

It seems as though no one questioned that RK's status as a Texas limited partnership was forfeited when Allstate sued it. Thus, Allstate contended that its opponent lacked standing to attack the trial court's summary judgment via the Rule 306a motion and the motion for new trial. We disagree.

When a limited partnership's right to do business in Texas is forfeited, the entity "may not maintain an action, suit, or proceeding in a court of this state," but the forfeiture does not "prevent the limited partnership from defending an action, suit, or proceeding in a court of this state." TEX. BUS. ORGS. CODE ANN. § 153.309(a)(1)&(b)(1) (West 2012); *see also Manning v. Enbridge Pipelines, L.P,* 345 S.W.3d 718, 723 (Tex. App.–Beaumont 2011, pet. denied). While Allstate contends that the latter exception applies only when the forfeiture is remedied within one hundred and twenty days, the language of the provision contains no such condition. More importantly, RK's effort to attack the judgment levied against it is part and parcel of its attempt to defend against an action, suit, or proceeding. So, it had standing to invoke Rule 306a. *See Collin*

3

*County v. Hixon Family P'ship,* 365 S.W.3d 860, 867-68 (Tex. App.–Dallas 2012, pet. denied) (stating that the partnership had standing when it filed objections to the special commissioners' awards in a condemnation action); *Mello v. A.M.F.,* 7 S.W.3d 329, 331 (Tex. App.–Beaumont 1999, pet. denied) (finding standing when a motion for summary judgment was filed in defense of a lawsuit).

      b.     *Satisfaction of Rule 306a(4) Requirements*

Next, Texas Rule of Civil Procedure 306a(4) provides a means by which to extend post-judgment deadlines if a litigant and his attorney receive neither timely notice or knowledge of the judgment. It states that if within twenty days after a judgment is signed, a party adversely affected by it has neither received notice of it nor acquired actual knowledge of the order, then the time period in which to file post-judgment motions begins on the date the party or his attorney received the notice or acquired actual knowledge, whichever occurred first, but such periods shall not begin more than ninety days after the judgment is signed. TEX. R. CIV. P. 306a(4).

As described in the section of this opinion labeled "Background," RK, through the affidavit of its registered agent and partner (*i.e.* Fischer), attested that it neither received notice nor acquired knowledge of the summary judgment until November 17, 2011, or some thirty-one days after the decree was signed. She further attested that the entity did not have an attorney at the time; so it could not be said that counsel acquired such notice or knowledge in its stead.

While Allstate attempted to dispute Fischer's factual representations, it proffered no evidence controverting either them or the other evidentiary statements encompassed within Fischer's affidavit. Nor does any knowledge of Fischer and RK about the underlying suit fill the void, as suggested by Allstate below. This is so because Rule

4

306a(4) refers to notice or knowledge of the final judgment or appealable order involved, not of the suit itself.

In short, the motion, coupled with Fischer's supporting affidavit, created a prima facie case that RK not only lacked timely notice of the final summary judgment entered below but failed to garner such notice until November 17, 2011. *See Corniello v. State Bank & Trust,* 344 S.W.3d 601, 605 (Tex. App.–Dallas 2011, no pet.) (stating that a sworn motion establishes a prima facie case that the party lacked timely notice). Allstate did not rebut that prima facie case via evidence. Having carried its burden of proof, RK was entitled to have its Rule 306a(4) motion granted. Thus, the trial court erred in denying it.

*Motion for New Trial*

Whether to grant a motion for new trial lies within the trial court's discretion. This means that we can reverse its decision only when that discretion is abused. *Cliff v. Huggins,* 724 S.W.2d 778, 778-79 (Tex. 1987).

Here, the trial court denied RK's motion for new trial for the sole reason that it "was not timely, as required by Texas Rule of Civil Procedure 329b, within thirty days of the rendition of summary judgment on October 17, 2011." It so ruled due to its rejection of RK's Rule 306a(4) motion. Yet, we concluded that the trial court erred in denying the latter motion. The deadlines to file post-judgment motions, like one for a new trial, should have been extended since RK proved it received neither notice nor actual knowledge of the final judgment until November 17, 2011. Given this, the deadline by which it had to file the motion was thirty days from November 17th; the motion at bar was filed on December 11, 2011, a date well within the expiration of the extended

5

deadline. Thus, the trial court erred in denying the motion as untimely and therefore abused its discretion.

*Motion to Modify Answers to Admissions*

Like its reason for denying new trial, the trial court also denied RK's request to modify answers to Allstate's request for admissions because the motion was untimely. It allegedly was untimely because the trial court denied RK's Rule 306a(4) motion. Having concluded that the latter motion should have been granted, the trial court erred in denying the motion for the reason it expressed in its order.

Accordingly, we sustain RK's issues and reverse the order denying 1) an extension of post-judgment deadlines under Texas Rule of Civil Procedure 306a(4), 2) leave to modify answers to the requests for admission from Allstate, and 3) a new trial. The cause is remanded to the trial court.


Brian Quinn
Chief Justice

6