**Dismiss and Opinion Filed May 15, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-21-00866-CV**

_____

**IN THE INTEREST OF V.A.M., A MINOR CHILD**

**On Appeal from the 302nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-19-21669**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Goldstein, and Smith
Opinion by Justice Pedersen, III

The mother of V.A.M. (Wife) filed a petition for divorce from V.A.M.'s father (Husband), and following a bench trial, the trial court signed its final judgment granting the divorce. Husband raises five issues in this Court, addressing both jurisdictional and substantive issues. Because he failed to file a timely notice of appeal, we dismiss the appeal for lack of jurisdiction.

### Appellate Jurisdiction

"A timely notice of appeal is an essential prerequisite for the appellate court's jurisdiction." *Mitschke v. Borromeo*, 645 S.W.3d 251, 253 (Tex. 2022). As a rule, a

notice of appeal must be filed within thirty days after the trial court's judgment is signed. TEX. R. APP. P. 26.1. That time period is extended, and a party may file his notice of appeal within ninety days after the judgment is signed, if any party files a motion for new trial. TEX. R. APP. P. 26.1(a)(1). A motion for new trial, in turn, must be filed within thirty days after the judgment is signed. TEX. R. CIV. P. 329b.

*Background*

The parties' divorce was tried to the court on June 9, 2021. Husband was not present, but he was represented by his attorney, S. Wesley Newell. The trial court signed its judgment, i.e., the Final Divorce Decree (the Decree), in this case on July 15, 2021. Accordingly, in the absence of a timely motion for new trial or an extension motion in this Court, the notice of appeal was due on Monday, August 16, 2021. *See* TEX. R. APP. P. 26.1. Because Husband did not file his notice of appeal until September 29, 2021, we requested that he file a brief explaining how we have jurisdiction over this appeal. Husband asserted that he did not receive notice the trial court had signed the Decree until August 26, 2021, some forty-two days after the fact. Husband then filed a combined motion for new trial and Rule 306a motion, which the trial court heard and denied. We notified the parties that it appeared we have jurisdiction to address the trial court's denial of the Rule 306a motion, and we directed Husband to address that denial as the initial issue in his brief on the merits. We begin our jurisdictional analysis with that rule.

*Rule 306a*

Rule 306a initially requires the trial court clerk to give immediate notice to the parties or their attorneys of record when the final judgment is signed. TEX. R. CIV. P. 306a(3). And in the ordinary case, the time periods for filing post-judgment motions begin to run on the date the judgment is signed. TEX. R. CIV. P. 306a(1). However, if neither the party nor his attorney has received notice from the clerk that the judgment was signed—or has acquired actual notice of that fact—within twenty days of the signing, then an alternative timetable may apply to the party's post-judgment procedural obligations. TEX. R. CIV. P. 306a(4). If that timetable applies, the relevant time periods for filings will not begin to run until either the party or his attorney receives the clerk's notice or actual knowledge of the signing. *Id.*

A party who wishes to operate under this alternative timetable must meet the requirements of Rule 306a(5), which states:

> **Motion, notice and hearing.** In order to establish the application of paragraph (4) of this rule, the party adversely affected is required to prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual notice of the signing and that this date was more than twenty days after the judgment was signed.

TEX. R. CIV. P. 306a(5). This paragraph requires the party challenging notice to file a sworn motion with the trial court, establishing a prima facie case that the party lacked timely notice. *Corniello v. State Bank & Tr., Dallas*, 344 S.W.3d 601, 605 (Tex. App.—Dallas 2011, no pet.). The motion is necessary to invoke "a trial court's otherwise-expired jurisdiction for the limited purpose of holding an evidentiary

hearing to determine the date on which the party or its counsel first received notice or acquired knowledge of the judgment." *Id.*

*Husband's Rule 306a Motion*

Husband filed his Respondent's Motion for New Trial and, *to the extent necessary*, Motion for Relief Pursuant To Rule 306a(4)-(5) (the Motion) on September 20, 2021.[1] The Motion included a verification, in which Husband swore that the following paragraphs were true and correct:

> 51. Respondent [Husband] asserts, claims, swears, and verifies that he did not have actual knowledge and did not have actual notice of the trial court signing the final judgment/order/decree in this Matter until August 26, 2021, when he called the district clerk's office and spoke with a clerk that stated to [Husband] that the judge had already signed the order back on July 15, 2021. [Husband] did not receive written notice (and still has not) received the judgment by the clerk, but was notified when he called and was told the judgment had been signed. [Husband] fired his attorney, Mr. Newell, on June 22, 2021, EXHIBIT M, and sent notice of this to [Wife's trial counsel] on the same day, June 22, 2021.
>
> 52. To the extent necessary, [Husband], after sending an (on August 26, 2021) email to Attorney Newell asking if he (Newell) knew or received a copy of the signed Order and that the Court had allegedly signed on July 15, 2021 , Mr. Newell stated that he did not and that he did not know the same. EXHIBIT N. Thus, Mr. Newell appears to have only learned of the signing of the order on August 26, 2021, or August 27, 2021, depending on when he read [Husband's] email. Thus, he appears to state he didn't know till being told by [Husband].

The Motion was accompanied by Husband's declaration, which was made under penalty of perjury. In that declaration, Husband represented that neither the

---

[1] Given our resolution of the Rule 306a motion, we do not address the motion for new trial.

–4–

clerk nor his own trial attorney nor Wife's trial attorney had ever sent him a copy of the signed Decree. Husband acknowledged that he had received a copy of Wife's attorney's proposed final divorce decree on July 9, 2021, along with a message that said "Pursuant to Local Rule 8.02, if no written objection is filed in this matter within ten (10) days of the date of this email, I will request that the attached Decree be entered." Husband filed (and the declaration attached) a document titled Respondent's Objection to Petitioner's Proposed Final Decree of Divorce and Request for Hearing, dated July 17, 2021.[2] Husband represents that when he did not receive notice of a hearing on his objection, he called the court clerk and was told that the Decree had been signed on July 15, 2021.

The declaration also attached the August 27, 2021 email exchange referenced in sworn paragraph 52 (quoted above):

> [From Husband to Newell] Did you get notice of a signed divorce decree on July 15th, 2021? Please let me know. Thank you
>
> [From Newell to Husband] No I did not you may get a copy of same at 600 commerce basement
>
> [From Husband to Newell]  Thank you

Husband asserts, based on this exchange, that Newell was not aware of the Decree's being signed until he received that information from Husband.

---

[2] Substantively, the document asserts only that: "Respondent opposes and objects to the form and substance of Petitioner's Proposed Final Decree of Divorce," and then asks for a hearing on that objection.

The Motion concludes with a request for a hearing pursuant to Rule 306a(5). We conclude that the trial court properly held such a hearing based on Husband's sworn Motion's representing under oath that neither he nor Newell had notice of the signed Decree until at least August 26, which was more than twenty days after the judgment was signed. *See Corniello*, 344 S.W.3d at 605.

*The Hearing*

The trial court's jurisdiction was invoked, therefore, "for the limited purpose of holding an evidentiary hearing to determine the date on which the party or its counsel first received notice or acquired knowledge of the judgment." *Id.* But Husband did not offer any evidence at that hearing; nor did he make an offer of proof.[3] Accordingly, even if we were to treat Husband's declaration and the sworn paragraphs in his Motion as evidence that *he* did not acquire knowledge of the signed Decree until August 26, 2021, the trial court had no evidence establishing when his trial counsel acquired that knowledge other than Husband's conclusion.[4]

---

[3] Early in the hearing, Husband's current counsel referred to Rule 306a and began to offer into evidence the attachments to the Motion. The trial judge re-directed him, explaining that he needed to address the motion for new trial first. Husband returned to the 306a issue after the trial court verbally denied the motion for new trial, but he did not attempt to offer evidence at that time. Nor did he ask to make an offer of proof on the record.

[4] Husband asserts that he was representing himself during a period of time after the trial. Newell filed a motion to withdraw from the representation approximately a month before trial, but the trial court denied his motion as trial began on June 9. 2021. Husband's declaration attaches various emails, including one dated June 22 from Husband to Newell stating: "You're fired, please give me a copy of my entire file and give me a refund. I am available to pick up my file right now." In another email on that same date, Husband informed Wife's counsel that Newell had been fired, so documents could be sent directly to Husband. However, the Clerk's Record contains no notice of Newell's withdrawal from Husband's representation,

Husband's conclusion relies upon the email exchange with Newell quoted above. Husband asserts that the exchange establishes that Newell "never received" the signed Decree. We disagree. Even if we were to consider the emails as evidence that was before the trial court, we could not reasonably read them as establishing that Newell never received the signed Decree. On the contrary, the question Husband posed to Newell was extremely narrow: "Did you get notice of a signed divorce decree on July 15th, 2021?" Newell's negative response supports only a conclusion that he did not receive notice from the clerk on July 15 that the Decree had been signed. Rule 306a(5) requires evidence that counsel did not receive such notice—or otherwise acquire actual notice of the signed Decree—until more than twenty days after July 15, 2023. Perhaps Newell could have testified to those facts at the hearing, but Husband did not call him to do so.

At the close of the hearing, the trial court asserted that Husband "was timely noticed" of the signed Decree and stated further:

> Everything that was done was done pursuant to the Texas Rules of Civil Procedure. All parties were timely noticed including [Husband] and his counsel of record at the time.

Accordingly, for Rule 306a(5) purposes, the trial court concluded that the parties and their counsel received notice of the signed Decree immediately after it was

---

whether voluntary or otherwise. Newell was Husband's attorney of record at trial and when the Decree was signed. Accordingly his knowledge of the signed Decree is what had to be proved under Rule 306a.

signed on July 15. In the absence of evidence to the contrary, the trial court did not err in denying the Motion.

Husband's post-judgment deadlines were not extended by a successful Rule 306a motion. Therefore, his notice of appeal was not timely, and this Court lacks jurisdiction to consider the substance of his appeal.[5]

## Conclusion

We dismiss the appeal for lack of jurisdiction.

210866f.p05

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE

---

[5] Husband contends that finding appellate jurisdiction in this case would "support[] the public policy of the State of Texas to resolve appeals on their merits rather than technicalities." Without question, Texas law "greatly favors resolving litigation on the merits rather than on procedural technicalities." *Mitschke v. Borromeo*, 645 S.W.3d 251, 260 (Tex. 2022). Thus, a notice of appeal filed too early or in the wrong court will still invoke the appellate court's jurisdiction. *Id.* at 261. But as the supreme court has recently emphasized:

> Being *timely*, though, is no mere technicality; it remains essential. . . . When [Rule 26 timing requirements] have run, however, the appeal is over—in truth, it never began. That outcome is legitimate. Parties and courts are entitled to a degree of certainty about whether a judgment is in fact final.

*Id.* (emphasis in original).



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF V.A.M., A MINOR CHILD

No. 05-21-00866-CV

On Appeal from the 302nd Judicial District Court, Dallas County, Texas Trial Court Cause No. DF-19-21669. Opinion delivered by Justice Pedersen, III. Justices Goldstein and Smith participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that appellee Eva Merchant-Kakoczki recover her costs of this appeal from appellant Farhan Merchant.

Judgment entered this 15th day of May, 2023.