

# NUMBER 13-24-00367-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ACCESS DENTAL MANAGEMENT, LLC,                          Appellant,

v.

JUNE'S BOUTIQUE, LLC,                          Appellee.

## ON APPEAL FROM THE COUNTY COURT AT LAW NO. 4
## OF NUECES COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Justices Silva, Peña, and Fonseca**
**Memorandum Opinion by Justice Silva**

Appellant Access Dental Management, LLC (ADM) files this restricted appeal from a default judgment entered against it in favor of appellee June's Boutique, LLC (June). By a single issue, ADM argues that the default judgment should be vacated as void due to defective service of process. We reverse and remand.

## I. BACKGROUND

On February 9, 2023, June filed its original petition alleging that ADM breached a contract, committed fraud, and violated the Texas Deceptive Trade Practices Act (DTPA). June sought to recover damages and costs. On February 13, 2023, June filed a "Nueces County Process Request Sheet" form requesting service of its original petition by certified mail to ADM. The form listed Tien Phan as ADM's registered agent, and "1200 Walnut Hill Lane, #3950, Dallas, TX 75039" as ADM's address for service. On April 3, 2023, the Nueces County District Clerk issued a certificate of return of service, which indicated that service was attempted on "Registered Agent Tien Phan" at the Dallas address on February 22, 2023, but was returned unserved on April 3, 2023.

On June 12, 2023, June filed a motion for alternative service, asserting that service was previously attempted on ADM's registered agent but was "unsuccessful." The motion requested that service on ADM be fulfilled by serving the Secretary of State. *See* TEX. CIV. PRAC. & REM. CODE § 17.044. The trial court granted the motion on June 15, 2023. On July 10, 2023, June filed a second process request form again requesting service of its original petition, among other things, on ADM. June specifically requested service via the Secretary of State, and once again listed Phan as the agent to be served and the Dallas address as ADM's address for service. On December 6, 2023, the Secretary of State certified that a copy of the citation and June's original petition "was received by this office on August 3, 2023" and "forwarded on October 6, 2023, by CERTIFIED MAIL, return receipt requested to: [ADM,] Tien Phan, Registered Agent[,] 1200 Walnut Hill Lane #3950[,] Dallas, TX 75039." The certification also stated, "As of this date, no response

has been received in this office."

On December 22, 2023, June filed a motion for default judgment. On February 7, 2024, the trial court held a hearing on June's motion at which it admitted exhibits proffered by June and heard testimony from June's owner concerning June's claims and requests for damages, as well as testimony from June's counsel concerning attorney's fees. The admitted exhibits consisted of, in relevant part, a copy of a "BUSINESS ORGANIZATIONS INQUIRY" page from the Secretary of State website which identified "TIEN PHAN" as the registered agent for "ACCESS DENTAL MANAGEMENT SERVICES, LLC" with a listed address of "1200 WALNUT HILL LANE #3950[,] Dallas, TX 75039 USA" and a copy of the Secretary of State's December 6, 2023 certification of service. No representative of ADM appeared at the hearing. On the same day, the trial court signed an order granting default judgment and awarded June $100,000 in actual damages, $200,000 in punitive damages, pre-judgment interest in the amount of $4,459.67, court costs in the amount of $618.64, and attorney's fees in the amount of $4,365.

On February 13, 2024, the Nueces County District Clerk attempted to forward its notice of default judgment to ADM by first class mail. However, the notice was returned to the Nueces County District Clerk on February 28, 2024, with a label stating, "RETURN TO SENDER[;] ATTEMPTED - NOT KNOWN[;] UNABLE TO FORWARD." We note that the label partially obscures the recipient's address, which was listed as "Dental Management, LLC, 1200 Walnut Hill Lane #3950, D." On April 3, 2024, June's counsel

3

sent Phan a certified letter to 4506 Kostoryz Road, Corpus Christi, Texas 78415. Attached to the letter was a copy of the default judgment, along with discovery requests.

On May 3, 2024, ADM filed a motion for new trial arguing it was not properly served and attached a declaration by Phan with accompanying exhibits, including in relevant part: a copy of a "BUSINESS ORGANIZATIONS INQUIRY" page from the Texas Secretary of State website which identified ADM's registered agent as "Capitol Corporate Services, Inc." (CCS) with an address of "1501 S MOPAC EXPY STE 220, AUSTIN, TX 78746 USA"; and a copy of June's April 3, 2024 letter informing him, among other things, of the default judgment. In his declaration, Phan stated that he is ADM's chief executive officer and he had no notice of the lawsuit until he received the April 3, 2024 letter from June's counsel "on or about April 12, 2024." Phan also stated that the registered agent for ADM is CCS. Additionally, he stated that 1200 Walnut Hill Lane #3950 in Dallas, Texas was ADM's past address "from approximately four years ago." Phan further stated that the Dallas address is "the current registered address of a different legal entity[,] . . . Access Dental Management Services, LLC."

In addition, ADM argued that its motion for new trial was timely pursuant to Texas Rule of Civil Procedure 306a(4) because it was filed within thirty days of the date ADM received actual notice of the lawsuit and default judgment. *See* TEX. R. CIV. P. 306a(4). Based on Phan's declaration, ADM argued it received actual notice "on or about April 12, 2024." We note that ADM's motion for new trial did not request any relief other than to grant a new trial and to set aside the default judgment.

On May 6, 2024, the parties filed a Rule 11 Agreement to extend ADM's deadline to respond to June's post-judgment discovery requests "which will allow the parties additional time to see if they can settle their dispute." No settlement was reached, and on July 24, 2024, ADM filed its notice of restricted appeal.[1] *See* TEX. R. APP. P. 30.

## II. RESTRICTED APPEAL

### A. Standard of Review and Applicable Law

A restricted appeal is a direct attack on the trial court's judgment. *See PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 272–73 (Tex. 2012). To prevail on a restricted appeal, an appellant must demonstrate:

(1) [it] filed notice of the restricted appeal within six months after the judgment was signed;

(2) [it] was a party to the underlying lawsuit;

(3) [it] did not participate in the hearing that resulted in the judgment complained of, and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and

(4) error is apparent on the face of the record.

*Ex parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020) (citing *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (per curiam)); *see* TEX. R. APP. P. 30. "For these purposes, the 'face of the record' consists of all the papers that were before the trial court at the time it rendered judgment." *Ex parte Vega*, 510 S.W.3d 544, 547 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.). "The requirement that error be apparent on the face of the record

---

[1] The appellate record is devoid of any indication that the trial court held a hearing or ruled on ADM's motion for new trial.

5

means that 'error that is merely inferred [from the record] will not suffice.'" *Id.* (quoting *Ginn v. Forrester*, 282 S.W.3d 430, 431 (Tex. 2009) (per curiam) (alteration in original)).

**B.     Analysis**

### 1.     Timely Post-judgment Motion

The record demonstrates that ADM filed its appeal within six months after the judgment was signed, that it was a party to the underlying suit, that it did not participate in the hearing that resulted in the default judgment, and that it did not file any requests for findings of facts and conclusions of law. *See Ex parte E.H.*, 602 S.W.3d at 495. However, the parties dispute whether ADM timely filed its motion for new trial—which would preclude a restricted appeal. *See id.* June asserts, as ADM did in its motion, that the thirty-day deadline for ADM to file a motion for new trial did not begin to run until it received actual notice of the judgment on April 12, 2024. On the other hand, ADM now argues on appeal that its motion for new trial was not timely because it failed to comply with Rule 306a(5), and therefore, Rule 306a(4) did not apply to extend the time for filing a motion for new trial. *See* TEX. R. CIV. P. 306a(4)–(5). We agree.

Under Texas Rule of Civil Procedure 329b(a), a motion for new trial must be filed within thirty days after the complained-of judgment is signed. TEX. R. CIV. P. 329b(a). If a motion for new trial is not timely filed under this rule, a trial court's plenary power to grant a new trial expires. *Id.* R. 329b(d); *see also id.* R. 306a(1) (providing that date judgment is signed is used to determine plenary power); *State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995) (per curiam) ("Judicial action taken after the court's [plenary] jurisdiction over a cause has expired is a nullity"). An exception to Rule 329b's thirty-day

6

filing requirement applies when a party did not receive timely notice of the final judgment.

Rule 306a(4) provides:

> If within twenty days after the judgment or other appealable order is signed, a party adversely affected by it or his attorney has neither received the notice required by paragraph (3) of this rule nor acquired actual knowledge of the order, then with respect to that party all the periods mentioned in paragraph (1) [including the date for filing a motion for new trial] shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed.

TEX. R. CIV. P. 306a(4). However, Rule 306a(5) provides that in order to establish the application of Rule 306a(4),

> the party adversely affected is required to prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed.

*Id.* R. 306a(5). This paragraph requires the party challenging notice to file a sworn motion with the trial court, establishing a prima facie case that the party lacked timely notice. *Corniello v. State Bank & Tr., Dallas*, 344 S.W.3d 601, 605 (Tex. App.—Dallas 2011, no pet.). The motion is necessary to invoke "a trial court's otherwise-expired jurisdiction for the limited purpose of holding an evidentiary hearing to determine the date on which the party or its counsel first received notice or acquired knowledge of the judgment." *Id.* "[I]f [a] party: . . . (1) complies with the sworn motion, notice[,] and hearing requirements mandated by Rule 306a(5), and (2) proves it received notice of the judgment more than twenty (but less than ninety-one) days after it was signed," then "[p]ost-judgment procedural timetables—including the period of the trial court's plenary power—run from

7

the day [the] party receives notice of [the] judgment, rather than the day judgment is signed." *In re Lynd Co.*, 195 S.W.3d 682, 685 (Tex. 2006) (orig. proceeding).

Here, ADM's motion for new trial also sought application of Rule 306a(4); therefore, we construe said motion as a combined motion for new trial and Rule 306a(5) motion. *See* TEX. R. CIV. P. 306a(4)–(5); *see also In re V.J.*, No. 02-22-00233-CV, 2023 WL 5114198, at *9 (Tex. App.—Fort Worth Aug. 10, 2023, pet. denied) (mem. op.) (describing "combined Rule 306a(5) motion and motion for new trial"). The motion was accompanied by Phan's declaration, which was made under penalty of perjury, and established a prima facie case that ADM lacked timely notice. *See* TEX. CIV. PRAC. & REM. CODE § 132.001(a) (" . . . an unsworn declaration may be used in lieu of a written sworn declaration, verification, certification, oath or affidavit required by statute. . . ."); *Corniello*, 344 S.W.3d at 605. In other words, ADM successfully met the requirements to invoke the trial court's limited jurisdiction to determine application of Rule 306a(4). *See id.*; TEX. R. CIV. P. 306a(4)–(5).

However, nothing in the record before us demonstrates that the trial court held a hearing or expressly ruled on ADM's request under Rule 306a(4). Nor do we find that the trial court impliedly ruled on that request because nothing in the record indicates that the trial court ruled on ADM's motion for new trial. *See In re Lynd Co.*, 195 S.W.3d at 685 (holding the trial court impliedly found that the relator did not receive timely notice of a default judgment pursuant to Rule 306a when it granted the relator's motion for new trial which invoked said rule). Because the trial court did not grant ADM's Rule 306a(5) motion, ADM's motion for new trial was due no later than thirty days after the default judgment

8

was signed. *See* TEX. R. CIV. P. 329(b); *see also Legends Landscapes LLC v. Brown*, No. 06-13-00129-CV, 2014 WL 1260624, at \*3 (Tex. App.—Texarkana Mar. 27, 2014, no pet.) (mem. op.) (explaining that "if granted" Rule 306a(5) motion "merely permits the timely filing of post-judgment motions"); *Laguna Reef Condo. Ass'n, Inc. v. Cross River Invs., LLC*, No. 03-22-00491-CV, 2023 WL 5280920, at \*2 (Tex. App.—Austin Aug. 17, 2023, no pet.) (holding that the appellant's motion to vacate was not timely filed for purposes of Rule 30 because the trial court did not grant the appellant's Rule 306a(5) motion). The record establishes that ADM did not file its motion for new trial within that time period. *See* TEX. R. CIV. P. 329(b). Consequently, ADM did not timely file any post-judgment motions that would have foreclosed our review of its restricted appeal. *See Ex parte E.H.*, 602 S.W.3d at 495; TEX. R. APP. P. 30; *cf. Ealy v. EVC Engage, LLC*, 679 S.W.3d 697, 703 (Tex. App.—Houston [1st Dist.] 2022, pet. denied) (holding the court lacked jurisdiction to hear appellant's restricted appeal because the appellant timely filed a post-judgment motion).

**2.    Error on the Face of the Record**

We next consider whether error is apparent on the face of the record. *See Ex parte E.H.*, 602 S.W.3d at 497 ("The task of determining error on the face of the record ultimately requires an analysis of the merits of the appellant's grounds for appeal.").

ADM argues that the face of the record shows it never received service due to June's improper and defective service attempts.[2] "[T]rial courts lack jurisdiction over a defendant who was not properly served with process . . . ." *Spanton v. Bellah*, 612 S.W.3d

---

[2] June does not respond in its brief to ADM's assertions regarding error on the face of the record.

9

314, 316 (Tex. 2020) (per curiam) (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)). "Strict compliance with the rules governing service of citation is mandatory if a default judgment is to withstand an attack on appeal." *Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 256 (Tex. 2009) (per curiam) (citing *Primate Constr., Inc. v. Silver,* 884 S.W.2d 151, 152 (Tex. 1994) (per curiam)). There are no presumptions in favor of valid issuance, service, or return of service. *See Spanton*, 612 S.W.3d at 316. A complete lack of service, as opposed to technical defects, renders a judgment void. *See PNS Stores*, 379 S.W.3d at 275 ("[A] judgment is void if the defects in service are so substantial that the defendant was not afforded due process."). Whether a defect in service is technical in nature or constitutes a complete lack of service turns on a litigant's fair opportunity to be heard. *See id.* at 274. "[A]ppellate courts do not have jurisdiction to address the merits of appeals from void orders or judgments; rather, they have jurisdiction only to determine that the order or judgment underlying the appeal is void and make appropriate orders based on that determination." *Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623 (Tex. 2012) (per curiam). Whether service strictly complies is a question of law we review de novo. *See Turbo Rests., LLC v. Reid's Refrigeration Inc.*, 657 S.W.3d 490, 495 (Tex. App.—El Paso 2022, no pet.).

Filing entities, including a domestic limited liability company (LLC), must designate and maintain a registered agent in this state. *See* TEX. BUS. ORGS. CODE §§ 1.002(22) (defining "filing entity" to include domestic LLCs); 5.201(a). Here, ADM is a domestic LLC. A suit against a filing entity such as ADM must be served on its registered agent. *See id.* § 5.201(b)(1); *see also Encompass Counseling, Wellness & Rehab, LLC v. Consilium*

*Staffing, LLC*, No. 05-23-00670-CV, 2024 WL 3271134, at *2 (Tex. App.—Dallas July 2, 2024, no pet.) (mem. op.) (noting that a chief executive officer is not an authorized agent for service for an LLC). A party may effectuate substitute service on the Secretary of State if an entity fails to appoint or maintain a registered agent, or if the entity's registered agent cannot be found at the registered office of the entity after reasonable diligence. TEX. BUS. ORGS. CODE § 5.251(1)(A)–(B). Such substitute service requires process to be forwarded to an entity's "most recent address . . . on file with the [S]ecretary of [S]tate" by "certified mail, with return receipt requested." *Id.* § 5.253(a)–(b); *see Shamrock Enters., LLC v. Top Notch Movers, LLC*, 728 S.W.3d 693, 697 n.16 (Tex. 2026) ("[F]or a default judgment to survive a restricted appeal, the face of the record must reflect that service was forwarded to the address required by statute."). "A diligent party may rely on the registered address a[n LLC] has placed on file with the Secretary of State." *Huffman Asset Mgmt., LLC v. Colter*, 719 S.W.3d 308, 317 (Tex. App.—Dallas 2023, pet. denied) (citation modified) (quoting *Autodynamics Inc. v. Vervoort*, No. 14-10-00021-CV, 2011 WL 1260077, at *6 (Tex. App—Houston [14th Dist.] Apr. 5, 2011, no pet.) (mem. op.)). "[R]easonable diligence may be shown by evidence that service of process was attempted but was unsuccessful because the address of the registered office no longer belonged to the registered agent at that time." *Id.* (citing cases).

If the Secretary of State is served, it "shall immediately send one of the copies of the process, notice, or demand to the named entity." TEX. BUS. ORGS. CODE § 5.253(a). Once the Secretary of State has forwarded the service and citation to the defendant, it must issue what is known as a "*Whitney* certificate." *Shamrock Enters., LLC*, 728 S.W.3d

11

at 695 n.3 (first citing *Whitney v. L & L Realty Corp.*, 500 S.W.2d 94, 96 (Tex. 1973) (holding that a trial court lacks jurisdiction to issue a default judgment based on substituted service on the Secretary of State unless the Secretary has certified that a copy of the citation was forwarded to the defendant); and then citing *U.S. Bank Nat'l Ass'n v. Moss*, 644 S.W.3d 130, 132 n.2 (Tex. 2022) (explaining origin of *Whitney* certificates)). Without such certificate, the trial court lacks jurisdiction over the defendant. *Whitney*, 500 S.W.2d at 96; *see also Moss*, 644 S.W.3d at 132 n.2 (recognizing that without a *Whitney* certificate from the Secretary of State, "the trial court did not have jurisdiction over the defendant"). However, the Texas Supreme Court has recently clarified that "absent fraud or mistake, the *Whitney* certificate is irrebuttable proof that service was forwarded as addressed, but it does not conclusively establish that 'the forwarding address was correct.'" *Shamrock Enters., LLC*, 728 S.W.3d at 699 (quoting *Wachovia Bank of Del., N.A. v. Gilliam*, 215 S.W.3d 848, 850 (Tex. 2007)). "When a default judgment is challenged by restricted appeal, there are no presumptions in favor of valid service, so unless the *Whitney* certificate 'certifies that the forwarding address is the one required by statute, we cannot presume' that it is." *Id.* (quoting *Wachovia Bank*, 215 S.W.3d at 850).

Here, the Nueces County District Clerk's return and the Secretary of State's *Whitney* certificate both indicate that service was issued to Phan at 1200 Walnut Hill Lane, #3950, Dallas TX, 75039. However, the record shows that Phan was not the registered agent for ADM and that the Dallas address was not ADM's registered address; therefore, June cannot rely on the return as proof that it exercised reasonable diligence, nor can it rely on the *Whitney* certificate as proof that ADM was properly served through the

12

Secretary of State. *See id.* at 699; *Huffman Asset Mgmt.*, 719 S.W.3d at 317; *see also RWL Constr., Inc. v. Erickson*, 877 S.W.2d 449, 451 (Tex. App.—Houston [1st Dist.] 1994, no writ) ("In order to support a default judgment based on substituted service . . . the record must show that reasonable diligence was used in seeking service on the registered agent of the corporation *at the registered office*."); *J&J Container Mfg. v. Cintas-R. U.S., L.P.*, No. 01-14-00933-CV, 2015 WL 5829667, at *4 (Tex. App.—Houston [1st Dist.] Oct. 6, 2015, no pet.) (mem. op.) (holding that plaintiff who made no attempt to serve defendant's registered agent at registered office before serving Secretary of State did not show reasonable diligence necessary to support substituted service, which constituted error on face of record). Instead, the record shows that Phan is the registered agent for Access Dental Management Services, LLC and that the Dallas address is Access Dental Management Services, LLC's registered address. In addition, the record demonstrates that ADM's actual registered agent is CCS and its actual registered address is an Austin address.

There is no record evidence demonstrating that Phan was ADM's registered agent or that the Dallas address was ADM's registered address at the time the Nueces County District Clerk or the Secretary of State attempted service. *See Shamrock Enters., LLC*, 728 S.W.3d at 699; *Huffman Asset Mgmt.*, 719 S.W.3d at 317. We further observe that the *Whitney* certificate in this case does not identify the Dallas address as ADM's "most recent address . . . on file with the [S]ecretary of [S]tate" as required for valid substituted service under section 5.251(1)(B). *See Shamrock Enters., LLC*, 728 S.W.3d at 700; TEX. BUS. ORGS. CODE §§ 5.251(1)(B), 5.253 (b)(1). In other words, the *Whitney* certificate in

13

this case does not certify that the forwarding address is the one required by statute and we cannot presume that it is. *See Shamrock Enters., LLC*, 728 S.W.3d at 699; *see also Spanton*, 612 S.W.3d at 316. Accordingly, we conclude that error is apparent on the face of the record because nothing in the record affirmatively shows that ADM was effectively served in strict compliance with the Texas Business Organization Code's substituted-service requirements. *See Spanton*, 612 S.W.3d at 316; *Ex parte E.H.*, 602 S.W.3d at 497; *PNS Stores*, 379 S.W.3d at 275; *Lejeune*, 297 S.W.3d at 256; *RWL Constr., Inc*, 877 S.W.2d at 451; *J&J Container Mfg.*, 2015 WL 5829667, at *4. Consequently, the trial court did not acquire personal jurisdiction over ADM. *See Shamrock Enters., LLC*, 728 S.W.3d at 699. As such, the default judgment is void and must be vacated. *See PNS Stores*, 379 S.W.3d at 275. We sustain ADM's sole issue.

### III. CONCLUSION

We reverse the trial court's default judgment and remand the case for further proceedings consistent with this opinion.

CLARISSA SILVA
Justice

Delivered and filed on the
23rd day of April, 2026.

14